FILED

2025 Aug-29  AM 09:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: BLUE CROSS BLUE SHIELD
ANTITRUST LITIGATION                                    MDL No. 2406

## TRANSFER ORDER

**Before the Panel**:  Plaintiffs in the twelve actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders that conditionally transferred the actions to the Northern District of Alabama for inclusion in MDL No. 2406.  More than 30 Blue Cross Blue Shield defendants oppose the motions to vacate, as do the provider class plaintiffs in the MDL.

After considering the parties' arguments, we find that the actions listed on Schedule A involve common questions of fact with the actions transferred to MDL No. 2406, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Transfer is warranted for the reasons set forth in our initial order establishing this MDL docket, which is comprised of actions involving factual questions regarding "the licensing agreements between and among the Blue Cross Blue Shield Association (BCBSA) and its 38 licensees (Blue Plans)."  *In re Blue Cross Blue Shield Antitrust Litig.*, 908 F. Supp. 2d 1373, 1374 (J.P.M.L. 2012).  There are two categories of MDL plaintiffs, health insurance subscribers and healthcare providers, both of which "contend that the 38 Blue Plans are independent health insurance companies that, but for any agreement to the contrary, could and would compete with one another."  *Id.* at 1375.  Plaintiffs in the twelve actions listed on Schedule A are providers (hospitals, health systems, and physician groups), and the allegations in their complaints mirror those asserted in the MDL actions.

Plaintiffs in these actions have opted out of a proposed class settlement of the provider claims in the MDL.  They argue that the MDL is too advanced to justify transferring these provider opt-out actions.  Plaintiffs contend that the MDL has reached the remand stage, that the transferee judge has stated that continued centralized pretrial proceedings of the provider actions would not be efficient, and that the remaining factual questions in the provider actions—such as adjudication of injury-in-fact and damages—are plaintiff-specific.  Plaintiffs further argue that transfer will cause them inconvenience by, *inter alia*, delaying the prosecution of their claims.  They maintain that they can informally coordinate with respect to any common discovery.

We do not find these arguments persuasive.  Settlement approval proceedings with respect to the MDL provider plaintiffs are ongoing.  If the settlement is not granted final approval, substantial pretrial proceedings will remain.  *See* Transfer Order at 2 n.4, *In re Payment Card Interchange & Merch. Disc. Antitrust Litig.*, MDL No. 1720 (J.P.M.L. Oct. 16, 2013), ECF No.

- 2 -

204 ("The Panel has long recognized that transfer of opt-out actions to the MDL addressing the proposed class settlement is desirable because of the efficiencies from the transferee court's management of overlapping actions, integration of existing discovery with discovery in the new actions, and the court's expertise in the issues.").

Furthermore, the parties have identified one provider opt-out action pending in the MDL (the *A4* action), and at least three other provider opt-out actions have been filed—one of which recently was transferred to the MDL without opposition. *See* Conditional Transfer Order (Finalized), MDL No. 2406 (J.P.M.L. July 30, 2025), ECF No. 934. The factual and legal issues raised by the provider opt-out actions, as well as their procedural posture, are substantially similar. Plaintiffs focus on the common discovery and pretrial motion practice that have been completed in the MDL, but they unduly minimize the common pretrial proceedings that opt-out litigation itself will entail. Most of the opt-out actions name all the Blue Cross Blue Shield entities as defendants, and even those that are targeted at a narrower set of Blue Cross Blue Shield entities overlap with the others. All plaintiffs allege that the defendants' nationwide market allocation scheme and other anticompetitive conduct caused them economic injury. While the opt-out actions will require some unique discovery as to damages issues, they also will require common discovery of the defendants' alleged conspiracy. The transferee court is best positioned to manage access to the common discovery obtained to date (much of which is subject to protective orders), apply its prior rulings to the opt-out claims, address legal questions common to the opt-out plaintiffs, and organize any additional common discovery required for these actions.[1] Transfer thus will eliminate the potential for duplicative discovery and inconsistent pretrial rulings.

No provider actions have been remanded by the transferee court. We have consulted with the transferee judge, who has informed the Panel that the continued transfer of provider opt-out actions will yield significant efficiency and convenience benefits. Given the number of opt-out actions already filed and the number of involved counsel, transfer of the opt-out actions to a single judge with extensive familiarity with the issues, discovery, and players in this litigation will be far more efficient than the parties attempting to informally coordinate pretrial schedules among actions pending in at least seven district courts to date.

Plaintiffs offer only speculation to support their argument that transfer will result in delay. There is no reason to believe that transfer of these opt-out actions will delay final approval of the provider class settlement. Indeed, the transferee court has already conducted the fairness hearing for the settlement. Likewise, there is no reason to believe the transferee court will delay addressing the common pretrial issues and discovery in the opt-out actions. The conduct of the subscriber track demonstrates that, when common pretrial proceedings have concluded, the transferee court has shown a willingness to promptly suggest Section 1407 remand. *See* Suggestion of Remand, MDL No. 2406 (J.P.M.L. Nov. 18, 2024), ECF No. 576 (suggesting remand of subscriber opt-out action). *See also In re Zimmer Durom Hip Cup Prods. Liab. Litig.*, 717 F. Supp. 2d 1376, 1378

---

[1] In their opposition to the motions to vacate, the MDL provider class plaintiffs describe significant confidentiality issues that arose with respect to the production of the MDL common discovery in related California state litigation, which required substantial time and attention by the transferee court. Such issues are likely to be duplicated if the opt-out actions proceed separately in multiple districts.

- 3 -

(J.P.M.L. 2010) (encouraging the transferee court to suggest remand if it "determines that the further adjudication of certain claims or actions would better take place in the transferor district"). In any event, where the actions arise from a common factual core, plaintiffs' individual preferences do not outweigh the collective benefits of centralization to the parties, witnesses, and judicial system as a whole. *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351–52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation."). Notably, plaintiffs in three of the actions listed on Schedule A (*Temple University Health System*, *LHHealth*, and *Phoebe Putney Memorial Hospital*) do not oppose transfer if any other opt-out actions are transferred to the MDL.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Alabama and, with the consent of that court, assigned to the Honorable R. David Proctor for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____

Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

**IN RE: BLUE CROSS BLUE SHIELD
ANTITRUST LITIGATION**                                    MDL No. 2406


## SCHEDULE A


Northern District of California

BON SECOURS MERCY HEALTH, INC., ET AL. v. BLUE CROSS BLUE SHIELD
    ASSOCIATION, ET AL., C.A. No. 5:25-02231
NORTHBAY HEALTHCARE CORPORATION, ET AL. v. BLUE CROSS BLUE
    SHIELD ASSOCIATION, ET AL., C.A. No. 5:25-03570


Middle District of Georgia

PHOEBE PUTNEY MEMORIAL HOSPITAL, INC., ET AL. v. BLUE CROSS AND
    BLUE SHIELD ASSOCIATION, ET AL., C.A. No. 1:25-00062


Northern District of Illinois

IES CENTRAL TEXAS PLLC, ET AL. v. BLUE CROSS AND BLUE SHIELD OF
    ALABAMA, ET AL., C.A. No. 1:25-02267
AMERITEAM SERVICES, ET AL. v. BLUE CROSS AND BLUE SHIELD OF
    ALABAMA, ET AL., C.A. No. 1:25-02295
COMMONSPIRIT HEALTH, ET AL. v. BLUE CROSS AND BLUE SHIELD OF
    ALABAMA, ET AL., C.A. No. 1:25-02296
ADVENTIST HEALTH SYSTEM SUNBELT HEALTHCARE CORPORATE, ET AL.
    v. BLUE CROSS AND BLUE SHIELD ASSOCIATION, ET AL.,
    C.A. No. 1:25-02367
DUKE UNIVERSITY HEALTH SYSTEM, INC., ET AL. v. BLUE CROSS AND
    BLUE SHIELD ASSOCIATION, ET AL., C.A. No. 1:25-03565


Southern District of New York

WEILL CORNELL MEDICINE v. BLUE CROSS BLUE SHIELD ASSOCIATION,
    ET AL., C.A. No. 1:25-02516


Eastern District of Pennsylvania

TEMPLE UNIVERSITY HEALTH SYSTEM, INC., ET AL. v. BLUE CROSS BLUE
    SHIELD ASSOCIATION, ET AL., C.A. No. 5:25-01156
LHHEALTH, LLC v. BLUE CROSS BLUE SHIELD ASSOCIATION, ET AL.,
    C.A. No. 5:25-01158

- A2 -

Middle District of Pennsylvania

MOUNT NITTANY HEALTH SYSTEM v. BLUE CROSS BLUE SHIELD
ASSOCIATION, ET AL., C.A. No. 4:25-00549