FILED
2025 Oct-28 PM 12:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE:<br>BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION<br>(MDL NO. 2406)** | **Master File No. 2:13-CV-20000-RDP<br><br>This Document Relates to Provider Opt-Out Cases** |
| **IN RE:<br>BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION<br>(MDL NO. 2406)** | **Master File No. 2:25-MD-10000-RDP** |

**ORDER**

This matter is before the court on Provider Opt-Outs' Motion to Extend Time and for Leave to Conduct Limited Discovery. (Case No. 2:25-md-10000-RDP, Doc. # 51). Provider Opt-Outs have indicated that Provider Class Counsel oppose the Motion. (Doc. # 51 at 5, n.2).

Provider Opt-Outs' Motion (Doc. # 51) is **GRANTED IN PART** to the extent that Provider Opt-Outs' deadline to respond to Provider Class Counsel's Motion for an Order Escrowing Payments in Judgment or Settlement ("Set-Aside Motion") is extended. A deadline for Provider Opt-Outs' response to the Set-Aside Motion will be set by separate order after the court resolves the portion of Provider Opt-Outs' Motion seeking to conduct limited discovery.

It is **ORDERED** as follows:

1. **On or before November 4, 2025**, Provider Opt-Outs and Provider Class Counsel **SHALL** meet and confer regarding a briefing schedule for Provider Opt-Outs' Motion to Conduct Limited Discovery.

2. **Within two (2) days** of their meeting and conference, the parties **SHALL** file a joint report and/or otherwise inform the court of the agreed-upon briefing schedule on Provider Opt-Outs' Motion to Conduct Limited Discovery.

With regard to both the current Motion and Provider Class Counsel's underlying Motion, the court notes that it has written to the free-rider problem before. (Case No. 2:13-cv-20000-RDP, Doc. # 3199 (collecting cases at pp. 2-6)). In that Order, the court recognized that, "the MDL lawyers expended significant time, money, and other resources litigating," and that, to the extent that the lawyers involved there sought to benefit from those efforts, some sort of "fair compensation for Provider plaintiffs' work" was due. (*Id*. at 9). There, the court declined to allow production of Provider Plaintiffs' work product under the MDL protective orders unless the parties involved could "reach mutual agreement regarding fair compensation for Plaintiffs' work in obtaining production of documents in the MDL." (*Id*. at 9).

The court takes this opportunity to again encourage Provider Opt-Outs and Provider Class Counsel to continue to explore ways to resolve to their mutual agreement any desire for Provider Opt-Outs to use any work previously performed by Provider Class Counsel to their benefit in the Opt-Out litigation.

**DONE** and **ORDERED** this October 28, 2025.

**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE