FILED
2026 Feb-26 PM 08:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT C

| | |
|---|---|
| **From:** | Hyman, Stacey A. |
| **To:** | Charlotte Rothschild; BCBSPROVIDEROPTOUTS@zellelaw.com |
| **Cc:** | Lauren Kennedy; Lillian Grossbard; Rebecca Schindel; Karin DeMasi; Abraham Cooper; Corey L Matthews |
| **Subject:** | RE: BCBS Antitrust - Proposed revisions to PO and follow up regarding structured data |
| **Date:** | Monday, November 10, 2025 4:11:57 PM |

Charlotte,

The parties' discussions regarding structured data took place because Judge Proctor ordered the parties to coordinate on whether efficiencies in discovery could be attained from previously produced discovery in the MDL. The Court also directed the parties to negotiate a Protective Order so that MDL discovery could be shared with the Provider Opt-Outs. In accordance with Judge Proctor's instructions, the Blues previously represented that they would make structured data produced in the MDL and *Prime* case available to Provider Opt-Outs, and did not make that commitment contingent on a separate agreement regarding a consolidated complaint or any agreement on the format of responsive pleadings:

- October 10, 2025 letter from Lillian Grossbard:

  - "All Cravath Defendants in *Prime* produced a data dictionary and/or crosswalk for their individual claims and enrollment data productions. BCBSA produced a data dictionary and other data documentation applicable to the NDW data, as well as a field layout showing the NDW fields produced in the litigation. **Cravath will provide these to Plaintiffs within approximately one week following entry of a stipulated protective order**."

- September 4, 2025 letter from Karin DiMasi:

  - "With respect to structured data, we understand from our meet and confer that Provider Opt-Out Plaintiffs may not be interested in the same structured data that ASO Plaintiffs requested and possess; thus, the chart in Exhibit A also includes a column setting forth the portions of the MDL structured data production that each Defendant is willing to reproduce."

- September 10, 2025 joint submission to the Court:

  - "the Blues are proactively working to get Provider Opt-Out Plaintiffs access to relevant discovery ."
  - "Attached as Appendix E is the reproduction proposal that Defendants made to Provider Opt-Out Plaintiffs, which productions would be substantially complete by **November 7, 2025**"

- September 24, 2025 hearing transcript, 27:22-29:4:

- - "The reason for that is that at the very outset of this case, to afford them efficiency and to ensure that they got the benefit of all the documents the Blues have already produced in this case, we actually suggested to them, as soon as you're part of the MDL and as soon as you're under the protective order, which they are, you can have all of our documents. We will get them to you. We will get them to you for the MDL. We will get them to you for the ASO cases. There's also a Prime case. There's an identical state court -- it's the Paul Hastings firm that is involved in that as well as the Bartko firm that is involved in that. The Prime and VHS case over in California also has some productions. They all overlap. Be a different Venn diagram than the one we've given you, a more complicated one. We've
      said you can have all of that for the Blues documents, the ones we're in control of."

- September 26, 2025 and subsequent meet and confer calls:

  - Provider Opt-Outs convened meet and confer calls with all counsel of the Blue Plans and Association, beginning with Cravath on September 26, 2025. At each of these calls, the Blues and Provider Opt-Outs discussed the scope of structured data that the Blues agreed to produce, as well as the Blues' agreement to produce data dictionaries, crosswalks or field listings related to the structured data. The Blues did not raise tying reproduction of structured data to the Blues' request for a consolidated complaint or standard of review briefing at a single one of these calls.

- October 7, 2025, productions by two Blue Plans:

  - In further support that the Blues have many times agreed to produce without delay to Provider Opt-Outs both data dictionaries and structured data, one firm representing two Blue Plans has already produced data dictionaries and crosswalks. Another has requested contact information for the Provider Opt-Outs so that they can send their Blue Plans' structured data.

In sum, making MDL discovery and structured data discovery produced in the *Prime* case available to Provider Opt-Outs should not, and has never been, contingent on an agreement regarding the format of the Blues' response to Provider Opt-Outs' complaints (Provider Opt-Outs are, however, willing to continue the parties' discussions on responsive pleadings, and will respond shortly by separate cover on that issue). Given the Blues reversal on their commitment to make prior MDL discovery (including structured data produced in *Prime*) available to the Provider Opt-Outs, we intend to raise the matter with Special Master Gentle.

*2

If you believe there is anything further to discuss concerning this matter, please let us know by the end of the day today.

Thank you,



**Stacey A. Hyman**
Partner
K&L Gates LLP
One Newark Center
10th Floor
Newark, New Jersey 07102
Phone: 973.848.4028
Fax: 973.848.4001
stacey.hyman@klgates.com
www.klgates.com

---

**From:** Charlotte Rothschild <crothschild@cravath.com>
**Sent:** Thursday, November 06, 2025 1:38 PM
**To:** Hyman, Stacey A. <Stacey.Hyman@klgates.com>; BCBSPROVIDEROPTOUTS@zellelaw.com
**Cc:** Lauren Kennedy <lkennedy@cravath.com>; Lillian Grossbard <lgrossbard@cravath.com>; Rebecca Schindel <rschindel@cravath.com>; Karin DeMasi <KDeMasi@cravath.com>; Abraham Cooper <acooper@cravath.com>; Corey L Matthews <clmatthews@cravath.com>
**Subject:** RE: BCBS Antitrust - Proposed revisions to PO and follow up regarding structured data

> **This Message Is From an External Sender**
> This message came from outside your organization.

Stacey,

We are always happy to talk, but there should not be any misunderstanding. The parties' discussions regarding Defendants' production of structured data took place in the context of moving these cases forward on an expedited basis, in lieu of proceeding under the Federal Rules (under which discovery would follow the pleading stage and a Rule 16 conference). To that end, Defendants made numerous proposals— including during our meet and confers in August, including in the September 4 letter you reference, including in the parties' September 10, 2025 Joint Submission, and including at the September 24 status conference. Plaintiffs rejected all of our proposals and have taken no steps toward moving their cases forward. We thus await the Court's scheduling order that will direct the parties how to proceed.

As I stated in my email below, either these cases are governed by the Federal Rules or they are not; Plaintiffs have chosen the former. That is not a "condition," it is simply a consequence of the parties' inability to reach a mutually agreeable alternative. While we await the Court's order, Plaintiffs may access the ASOs' database of unstructured documents by virtue of their participation in the MDL. We expect Plaintiffs to use this time to familiarize yourselves with those documents so that the

*3

parties will be able to move efficiently to the merits, including full discovery of each provider opt-out plaintiff, once discovery begins.

Sincerely,
Charlotte

**Charlotte C. Rothschild**
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue, New York, NY 10001
T+1-212-474-1848
crothschild@cravath.com

---

**From:** Hyman, Stacey A. <Stacey.Hyman@klgates.com>
**Sent:** Wednesday, November 5, 2025 5:09 PM
**To:** Charlotte Rothschild <crothschild@cravath.com>; BCBSPROVIDEROPTOUTS@zellelaw.com
**Cc:** Lauren Kennedy <lkennedy@cravath.com>; Lillian Grossbard <lgrossbard@cravath.com>; Rebecca Schindel <rschindel@cravath.com>; Karin DeMasi <KDeMasi@cravath.com>; Abraham Cooper <acooper@cravath.com>
**Subject:** RE: BCBS Antitrust - Proposed revisions to PO and follow up regarding structured data

Charlotte:

Provider Opt-Outs were surprised to receive your email yesterday, which setting aside access to discovery from the ASO plaintiffs, appears to condition Cravath's agreement to produce any previously produced discovery in the MDL on Provider Opt-Outs' agreement to: (1) file a consolidated complaint and (2) move forward with standard-of-review briefing. This is the first time we are hearing of such conditions, which comes as a surprise given the progress we have been making on the structured data calls with Cravath and the other Blue Defendants' counsel. These conditions are even more surprising given that Provider Opt Outs have never agreed to file a consolidated complaint.

We assume this may simply be a miscommunication or misunderstanding, and we think it may be useful to schedule a quick call to clarify. As you know, the Cravath Defendants have previously confirmed on multiple occasions, including by letter dated September 4, 2025 from Karin DeMasi, in the parties' joint submission to the Court on October 10, 2025, and during the dozen meet and confer calls already held, their agreement to produce certain structured data.

Please let us know your availability tomorrow or Friday for a quick call to clear this up.

We have also prepared a response to Lillian's October 10, 2025 letter, as we previously stated

*4

would follow my below email.  We will send that letter shortly by separate cover.

Thank you,



**Stacey A. Hyman**
Partner
K&L Gates LLP
One Newark Center
10th Floor
Newark, New Jersey 07102
Phone: 973.848.4028
Fax: 973.848.4001
stacey.hyman@klgates.com
www.klgates.com

---

**From:** Charlotte Rothschild <crothschild@cravath.com>
**Sent:** Tuesday, November 04, 2025 3:13 PM
**To:** Hyman, Stacey A. <Stacey.Hyman@klgates.com>; BCBSPROVIDEROPTOUTS@zellelaw.com
**Cc:** Lauren Kennedy <lkennedy@cravath.com>; Lillian Grossbard <lgrossbard@cravath.com>; Rebecca Schindel <rschindel@cravath.com>; Karin DeMasi <KDeMasi@cravath.com>; Abraham Cooper <acooper@cravath.com>
**Subject:** RE: BCBS Antitrust - Proposed revisions to PO and follow up regarding structured data

Stacey,

We offered a proposal to move these cases forward promptly in a way that would benefit both sides—i.e., the Blues would provide early access to certain discovery materials and FPs would prepare a consolidated complaint so that the parties can move efficiently through the pleadings stage and on to standard-of-review briefing.  If FPs are not amenable to that approach, then the case should proceed as it would under the federal rules.  In other words, we will not provide any discovery until the court has issued an order on a consolidated complaint and the parties have engaged in the standard Rule 16/Rule 26 processes.

We understand that FPs are separately negotiating with ASO plaintiffs to access the Blues' unstructured document productions.  Given the overall case efficiencies that this access affords, the Blues are willing to allow FPs to review these documents now, in accordance with the parties' PO.  Please let us know where this agreement stands.

Thank you,
Charlotte

**Charlotte C. Rothschild**

Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue, New York, NY 10001

*5

T+1-212-474-1848
crothschild@cravath.com

> **From:** "Hyman, Stacey A." <Stacey.Hyman@klgates.com>
> **Date:** October 27, 2025 at 3:46:36 PM EDT
> **To:** Lauren Kennedy <lkennedy@cravath.com>
> **Cc:** Abraham Cooper <acooper@cravath.com>, BCBSPROVIDEROPTOUTS@zellelaw.com, Lillian Grossbard <lgrossbard@cravath.com>, Rebecca Schindel <rschindel@cravath.com>
> **Subject: RE: BCBS Antitrust - Proposed revisions to PO and follow up regarding structured data**
>
> Lillian,
>
> We will be sending a more formal response shortly to your letter dated October 10, 2025, however, we wished to reach out today to request that Cravath provide the Provider Opt-Outs with the data dictionaries/crosswalks or field listings readily available for the NDW data. The parties agree to be bound by the Protective Order filed with the Court on October 20, 2025. We see no reason that should prevent Cravath from providing us this information while we wait for the Court to sign and enter the Protective Order.
>
> We wish to emphasize that prior to seeking large volumes of pre-2015 structured data from Cravath related to the individual *Prime* Blue Plans, as well as the post-2015 NDW data, that it is critical for the Provider Opt-Outs to first review the data dictionaries/crosswalks or field listings in order to determine whether all or some portion of the structured data will even be relevant or useful to our cases. The NDW data dictionaries/crosswalks or field listings will provide a helpful starting point to facilitate further discussions regarding efficiencies that may be gained as a result of the productions previously made in the MDL and to the ASOs in the *Prime* matter.
>
> Thank you,
>
> 
>
> **Stacey A. Hyman**
> Partner
> K&L Gates LLP
> One Newark Center
> 10th Floor
> Newark, New Jersey 07102
> Phone: 973.848.4028
> Fax: 973.848.4001
> stacey.hyman@klgates.com
> www.klgates.com

*6

**From:** Lauren Kennedy <lkennedy@cravath.com>
**Sent:** Friday, October 17, 2025 1:16 PM
**To:** Hyman, Stacey A. <Stacey.Hyman@klgates.com>
**Cc:** Abraham Cooper <acooper@cravath.com>; BCBSPROVIDEROPTOUTS@zellelaw.com; Lillian Grossbard <lgrossbard@cravath.com>; Rebecca Schindel <rschindel@cravath.com>
**Subject:** Re: BCBS Antitrust - Proposed revisions to PO and follow up regarding structured data

Thanks, Stacey. Confirming receipt and that we are reviewing on our end. I have also copied on this email my partner, Rebecca Schindel. If you could please make sure she is copied going forward, that would be great. Thank you!

On Oct 16, 2025, at 2:40 PM, Hyman, Stacey A. <Stacey.Hyman@klgates.com> wrote:

Counsel:

We are attached a draft Stipulated Protective Order reflecting your revisions to the Provider Opt Out revisions.  If the Blues have no further revisions, we would like to get this filed as soon as possible.  We currently have it set up to be filed by us, however, we are ok with the Blues filing if that is your preference.

Thank you,



**Stacey A. Hyman**
Partner
K&L Gates LLP
One Newark Center
10th Floor
Newark, New Jersey 07102
Phone: 973.848.4028
Fax: 973.848.4001
stacey.hyman@klgates.com
www.klgates.com

**From:** Abraham Cooper <acooper@cravath.com>
**Sent:** Monday, October 13, 2025 6:20 PM
**To:** Hyman, Stacey A. <Stacey.Hyman@klgates.com>
**Cc:** bcbsprovideroptouts@zellelaw.com; Lauren Kennedy <lkennedy@cravath.com>; Lillian Grossbard <lgrossbard@cravath.com>

*7

**Subject:** RE: BCBS Antitrust - Proposed revisions to PO and follow up regarding structured data

Stacey,

I write on behalf of Defendants in response to your proposed protective order. We agree to update the MDL protective order to track the protective order entered by the Court in ASO Actions. However, we do not agree to the further changes you propose to that agreement. A redline, showing our further revisions on top of yours, is attached. These should be self-explanatory, but if there is anything to discuss, please let us know.

Regards,
Abe

Abe Cooper
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue, New York, NY 10001
T+1-212-474-1562
acooper@cravath.com

---

**From:** Hyman, Stacey A. <Stacey.Hyman@klgates.com>
**Sent:** Friday, October 3, 2025 5:56 PM
**To:** Lauren Kennedy <lkennedy@cravath.com>; Lillian Grossbard <lgrossbard@cravath.com>
**Cc:** BCBS Provider Opt-Outs <bcbsprovideroptouts@zellelaw.com>
**Subject:** BCBS Antitrust - Proposed revisions to PO and follow up regarding structured data


Lauren and Lillian:

Thank you for speaking with us last Friday regarding structured data production issues. We are attaching the Provider Opt-Outs' proposed revisions to the existing Protective Order. If you want to see our exact revisions, please run a redline against the subscriber case Protective Order. We attempted to do so, but had some formatting issues. Please let us know if you have any questions regarding our revisions or any additional revisions on behalf of your clients. Please let us know if you will agree to also share these revisions with counsel for the other Blue Plans in order to efficiently finalize the Protective Order so that the parties can move forward with accessing the discovery databases.

We also wanted to confirm the Provider Opt-Outs' understanding of what the Cravath Blue Plans and Association are willing and/or not willing to produce as a result of last week's call and to discuss timing of productions.

*8

1. We understand that Cravath only speaks for the Association and Blue Plans that it represents.
2. Our understanding is that Cravath agrees to produce the following as summarized below. Our follow-up questions are also included. Please provide any clarifications and respond to our questions.
    1. All productions in the *Prime* case
        1. Cravath represented that the *Prime* production was already negotiated, and the collected data not produced in *Prime* or the MDL is kept in "cold storage" and not easily extracted. This set is, therefore, from your perspective the closest thing to an off-the-shelf production.
        2. Cravath stated that it contains complete NDW data from around 2015-2023 and that prior to then, all individual Blue Plans did not send their data to NDW, and so production will include some NDW data prior to 2015 but will be incomplete.
            1. Please confirm that the NDW data is for all Blue Plans regardless of whether they are in *Prime* or represented by Cravath.
        3. To the extent individual Blue Plan claims and enrollment data was produced in *Prime*, the Blues will produce it.
            1. Please confirm that this is largely pre-2015 given that all Blue Plans provided complete data through the NDW warehouse beginning in 2015.
            2. Please also confirm whether the individual Blue Plan data produced in *Prime* post-2015 contains all claims data for each Blue Plan, including the subscriber enrollment data.
        4. Please confirm whether the data produced in *Prime* contains patient demographic data and, if not, whether Blue Plans agree to produce this data.
        5. Some Blue Plans represented by Cravath are not defendants in *Prime*. Cravath will identify which Blue Plans are *Prime* defendants and which are not. Cravath will produce structured data based on the negotiated parameters in *Prime* for the non-*Prime* Blue Plans represented by Cravath, although this will take additional time to pull the data for production.
3. Please confirm that the data Cravath agrees to produce is nationwide

*9

> data for each of the Blue Plans and NDW, and that there are no geographic limits on the data. The Cravath Blues' position is that previously produced structured data Bates stamped within the unstructured data database that constitutes individual Cravath Blue Plan "ASO-specific financial data" is not, according to the Blues, relevant to the Provider Opt-Outs' cases and is not deemed produced (*See* FN 3 to Exhibit A to Sept. 4, 2025 letter).
> 
> 4. Confirm that it is the Cravath Blues' position that they will not produce <u>any</u> subscriber structured or unstructured premiums data (including any structured premiums data Bates stamped within the unstructured data database) on the basis that premiums data is irrelevant.
> 
> 5. The Cravath Blue Plans and Association will initially produce structured data fields and data dictionaries for the Cravath Blue Plans that are *Prime* defendants. Please identify which, if any, Cravath Blue Plans' structured data productions in the *Prime* case are from sources for which you believe no data dictionaries or similar documents exist. We will at a minimum require that Cravath provide the data fields for any of these Cravath Blue Plans.
>     1. To the extent Cravath needs to supplement the production of structured data for non-*Prime defendant* Cravath Blue Plans, Cravath agrees to provide the fields and/or data dictionaries related to these supplemental productions.

The Provider Opt-Outs would like to begin to review the structured data fields and data dictionaries prior to accessing the larger population of *Prime* produced structured data. Please let us know when we can expect Cravath to produce this information once the Protective Order is finalized and filed with the Court.

Please also let us know the following regarding timing: (1) how long will Cravath require to provide access to the structured data produced in the *Prime* case for the Cravath Blue Plans and Association, and 2) the estimated time it will take Cravath to provide the structured data based on the *Prime* production parameters for the non-*Prime* Cravath Blue Plans.
1. When can Cravath identify to the Provider Opt-Outs the Blue Plans it represents that are not *Prime* defendants?
2. When can Cravath provide the Provider Opt-Outs with the *Prime* defendant Blue Plans' structured data fields and data dictionaries?
3. How long will Cravath require to provide Provider Opt-Outs with access to the structured data produced in the *Prime* case for the Cravath Blue Plans and Association?
4. Once the non-*Prime* defendant Blue Plans' structured data is identified

> for production, how long will it take Cravath to provide to the Provider Opt-Outs the fields and data dictionaries for these Blue Plans?
> 5. How long does Cravath estimate it will take to supplement the *Prime* produced structured data with the non-*Prime* Cravath Blue Plan data?

After Provider Opt-Outs have had the opportunity to review the data fields and data dictionaries for the *Prime* defendant Blue Plans, we would like to set up another call to discuss next steps.

Thank you,

**Stacey A. Hyman**
Partner
K&L Gates LLP
One Newark Center
10th Floor
Newark, New Jersey 07102
Phone: 973.848.4028
Fax: 973.848.4001
stacey.hyman@klgates.com
www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Stacey.Hyman@klgates.com.

********************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received
this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
If you reply to this message, Paul Hastings may collect personal information including your name, business name
and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy
and security principles please click HERE. If you have any questions, please contact
Privacy@paulhastings.com.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

*12