FILED
2026 May-12 PM 03:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL No. 2406)** | **Master Case No.: 2:25-md-10000-AMM**<br><br>**This document relates to the Provider Opt-Out cases.** |

**STIPULATION AND ORDER**
**<u>REGARDING PRIOR RULINGS ON MOTIONS TO DISMISS</u>**

WHEREAS, pursuant to the Court's March 18, 2026 Order on Provider Opt-Out's Motion to Set Responsive Pleading Deadline, Dkt. 96[1], the parties met and conferred regarding grounds for dismissal of Plaintiffs' claims that were previously argued to the Court in any prior proceedings in *In re Blue Cross Blue Shield Antitrust Litigation MDL No. 2406*, 2:13-cv-20000-AMM (the "MDL") that the parties agree will be deemed preserved as if the rulings on those motions to dismiss were made in the Provider Opt-Out cases;

WHEREAS, in the MDL the following Defendants filed, and the Court ruled on, the following motions to dismiss related to the provider-track:[2]

---

[1] "Dkt." refers to the docket for *In re Blue Cross Blue Shield Antitrust Litigation MDL 2406*, No. 2:25-md-10000-AMM.

[2] "MDL Dkt." refers to the docket for *In re Blue Cross Blue Shield Antitrust Litigation MDL 2406*, No. 2:13-cv-20000-AMM.

| **Motion** | **Moving Defendants** | **Grounds For Motion** | **Decision** |
|---|---|---|---|
| MDL Dkt. 107 (Sep. 30, 2013) | Triple-S Salud, Inc. | Lack of personal jurisdiction and improper venue as to N.D. Ala. | MDL Dkts. 204, 205 (June 18, 2014) |
| MDL Dkt. 108 (Sep. 30, 2013); MDL Dkt. 120 (Sep 30, 2013) | All Blues and the BCBSA | Failure to state a claim upon which relief can be granted; Failure to adequately plead the necessary elements of a claim; Claims are barred; Other grounds | MDL Dkts. 204, 205 (June 18, 2014) |
| MDL Dkt. 110 (Sep. 30, 2013); MDL Dkt. 111 (Sep. 30, 2013) | CareFirst of Maryland, Inc. | Failure to state a claim upon which relief can be granted | MDL Dkts. 204, 205 (June 18, 2014) |
| MDL Dkt. 112 (Sep. 30, 2013); MDL Dkt. 119 (Sep. 30, 2013); MDL Dkt. 169 (Mar. 6, 2014) | Capital Blue Cross | Lack of personal jurisdiction and, alternatively, improper venue as to N.D. Ala. | MDL Dkts. 204, 205 (June 18, 2014) |
| MDL Dkt. 114 (Sep. 30, 2013) | Blue Cross Blue Shield of Michigan Mutual Insurance Company | Failure to state a claim upon which relief can be granted | MDL Dkts. 204, 205 (June 18, 2014) |
| MDL Dkt. 121 (Sep. 30, 2013) | Blue Cross of Northeastern Pennsylvania | Lack of personal jurisdiction and improper venue as to N.D. Ala. | MDL Dkts. 204, 205 (June 18, 2014) |
| MDL Dkt. 122 (Sep. 30, 2013); MDL Dkt. 123 (Sep. 30, 2013) | Blue Cross & Blue Shield of Mississippi, A | Lack of personal jurisdiction and improper venue as to N.D. Ala. | MDL Dkts. 204, 205 (June 18, 2014) |

| Motion | Moving Defendants | Grounds For Motion | Decision |
|---|---|---|---|
| | Mutual Insurance Company | | |
| MDL Dkt. 125 (Sep. 30, 2013); MDL Dkt. 125-1 (Sep. 30, 2013); MDL Dkt. 179 (Mar. 6, 2014) | Blue Cross Blue and Shield of Arizona, Inc.; Blue Cross and Blue Shield of Kansas, Inc.; Blue Cross Blue Shield of North Dakota (f/k/a Noridian Mutual Insurance Company); Blue Cross Blue Shield of Wyoming; Highmark Western and Northeastern New York Inc. f/k/a HealthNow New York Inc.[3] | Lack of personal jurisdiction and improper venue as to N.D. Ala. | MDL Dkts. 204, 205 (June 18, 2014) |
| MDL Dkt. 249 (Dec. 22, 2014) | Capital Blue Cross | Lack of personal jurisdiction and improper venue as to N.D. Ala. | MDL Dkt. 369 (May 27, 2015) |
| MDL Dkt. 251 (Dec. 22, 2014) | Triple-S Salud, Inc. | Lack of personal jurisdiction and improper venue as to N.D. Ala. | MDL Dkt. 369 (May 27, 2015) |
| MDL Dkt. 256 (Dec. 22, 2014); | Blue Cross Blue & Shield of | Lack of personal jurisdiction and | MDL Dkt. 369 (May 27, 2015) |

[3] The following Blue Plans do not stipulate to preserve these motions: Blue Cross and Blue Shield of Kansas, Inc.; Blue Cross Blue Shield of North Dakota (f/k/a Noridian Mutual Insurance Company).

| **Motion** | **Moving Defendants** | **Grounds For Motion** | **Decision** |
|---|---|---|---|
| MDL Dkt. 257 (Dec. 22, 2014) | Mississippi, A Mutual Insurance Company | improper venue as to N.D. Ala. | |
| MDL Dkt. 251 (Dec. 22, 2014) | Triple-S Salud, Inc. | Lack of personal jurisdiction and improper venue as to N.D. Ala. | MDL Dkt. 369 (May 27, 2015) |
| MDL Dkt. 280 (Dec. 22, 2014); MDL Dkt. 280-1 (Dec. 22, 2014) | Blue Cross of Northeastern Pennsylvania | Lack of personal jurisdiction and improper venue as to N.D. Ala. | MDL Dkt. 369 (May 27, 2015) |
| MDL Dkt. 313 (Dec. 22, 2014); MDL Dkt. 313-1 (Dec. 22, 2014) | Blue Cross Blue and Shield of Arizona, Inc.; Blue Cross and Blue Shield of Kansas, Inc.; Blue Cross Blue Shield of North Dakota (f/k/a Noridian Mutual Insurance Company); Blue Cross Blue Shield of Wyoming; Highmark Western and Northeastern New York Inc. f/k/a HealthNow New York Inc.[4] | Lack of personal jurisdiction and improper venue as to N.D. Ala. | MDL Dkt. 369 (May 27, 2015) |

[4] The following Blue Plans do not stipulate to preserve these motions: Blue Cross and Blue Shield of Kansas, Inc.; Blue Cross Blue Shield of North Dakota (f/k/a Noridian Mutual Insurance Company).

| Motion | Moving Defendants | Grounds For Motion | Decision |
|---|---|---|---|
| MDL Dkt. 314 (Dec. 22, 2014) | Capital Blue Cross | Lack of personal jurisdiction and improper venue as to N.D. Ala. | MDL Dkt. 369 (May 27, 2015) |
| MDL Dkt. 446 (Oct. 19, 2015); MDL Dkt. 447 (Oct. 19, 2015) | Blue Cross & Blue Shield of Mississippi, A Mutual Insurance Company | Lack of personal jurisdiction and venue as to S.D.N.Y. and E.D. Pa. | MDL Dkt. 469 (Oct. 30, 2015) |
| MDL Dkt. 456 (Oct. 19, 2015) | Triple-S Salud, Inc. | Lack of personal jurisdiction and venue as to S.D.N.Y. and E.D. Pa. | MDL Dkt. 469 (Oct. 30, 2015) |
| MDL Dkt. 461 (Oct. 23, 2015); MDL Dkt. 462 (Oct. 23, 2015) | California Physicians' Service d/b/a Blue Shield of California | Lack of personal jurisdiction as to S.D.N.Y. and E.D. Pa. | MDL Dkt. 469 (Oct. 30, 2015) |
| MDL Dkt. 1187 (May 17, 2017); MDL Dkt. 1187-1 (May 17, 2017) | All Blues and the BCBSA | Failure to state a claim upon which relief can be granted | MDL Dkts. 1306, 1307 (June 28, 2017) |

WHEREAS, the parties have agreed to preserve the arguments raised in the above motions to dismiss by stipulation rather than through duplicative motion practice, Dkt. 125;

**IT IS HEREBY STIPULATED AND AGREED**, by and among the parties, through their undersigned counsel, and **ORDERED** by the Court that:

1. The arguments raised by any Moving Defendant in connection with the

briefing identified in the list above on such Moving Defendant's motions to dismiss but rejected by the Court will be preserved for appeal solely as to the identified Moving Defendant or Moving Defendants as if such arguments had been raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b) in the provider opt-out cases.

2. For the avoidance of doubt, each argument identified above is preserved only as to a Plaintiff against whom such argument could have been raised in the first instance. Without limitation, personal jurisdiction and improper venue arguments are preserved solely as to Plaintiffs whose underlying actions were originally filed in the districts identified in the "Grounds For Motion" column for each corresponding motion.

3. Nothing in this Stipulation and Order should be construed to limit Defendants' rights to assert any defenses at summary judgment or at trial.

4. Nothing in this Stipulation and Order should be construed to limit Plaintiffs' rights to amend their respective complaints or to raise any arguments on appeal, at summary judgment, or at trial.

5. This Stipulation and Order **SHALL** apply to the underlying actions in the above-captioned MDL, including if they are remanded to the courts in which the

original complaints were filed.

**DONE** and **ORDERED** this 12th day of May, 2026.

**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE