FILED
2026 Aug-11 AM 10:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION** | } | **Master Case No.: 2:25-md-10000-RDP** |
| **(MDL NO.: 2406)** | } | Provider Opt-Out Cases |

# ORDER

This matter is before the court on Provider Opt-Outs' Opposed Motion to Modify the Thirty-Day Deadline for Propounding Rule 34 Requests Following Production of Previously Produced Structured Data. Doc. 146. The Motion, Doc. 146, is **GRANTED**.

The issue of the production of previously produced discovery was first raised in September 2025. Docs. 23, 39. At the September 24, 2025 status conference, the Blues' counsel represented that Provider Opt-Outs could "have all of our documents. We will get them to you." Doc. 39 at 27-28. This statement referred to documents from the MDL, the ASO Opt-Out cases, and the *Prime* case in California state court. *Id*.

On February 26, 2026, Provider Opt-Outs filed a motion to compel production of previously produced discovery that the Blues had indicated they would produce. Doc. 85-2. On July 9, 2026, the court adopted Special Master Gentle's suggested remedy to resolve the Motion that resulted from the parties' meet and confer process with him. Doc. 143. The suggested remedy did not include a deadline to submit the formal requests for production.

The court imposed a thirty-day deadline for Provider Opt-Outs to submit formal requests for production under Rule 34 seeking additional structured data or related discovery for the same time periods of the previously produced discovery. *Id.* at 3. Provider Opt-Outs' Motion seeks to strike this thirty-day deadline as unreasonable considering the volume of data they need to review and analyze to be able to formulate requests for production that do not seek duplicative information. Doc. 146 at 10-13. Defendants respond that allowing additional requests for production negates the efficiencies achieved by production of the previously produced discovery. Doc. 148 at 10-15. They also assert that Provider Opt-Outs have not shown good cause for striking the deadline. *Id.* Provider Opt-Outs reply that the Blues have not offered evidence to rebut the volume of work required to digest the previously produced discovery. Doc. 150 at 2-6. They represent that an extension of the deadline will not result in unlimited discovery, and they point out the length of time it has taken the Blues to produce the data that they promised to produce in September 2025. *Id.* at 6-8.

A scheduling order has not been entered in this case. The court's July 9, 2026 Order, Doc. 143, is **AMENDED** as follows: paragraph 3 on page 3 is **STRICKEN,** and it is **ORDERED** as follows:

After reviewing the Blues' "Off the Shelf Prime Data" productions, Provider Opt-Outs may seek additional structured data or related discovery for these same time periods by submitting formal requests for production under Rule 34 in accordance with any scheduling order(s) entered by the court. The Blues may object to these discovery

requests. Absent a showing of good cause, any such requests **SHALL** be propounded within four months of this order. Within three months of this order, the parties **SHALL** file a joint status report regarding the status of the formal requests for production seeking additional structured data or related discovery for these same time periods.

**DONE** and **ORDERED** this 11th day of August, 2026.

**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE