FILED
2026 Aug-21 PM 03:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION**<br><br>**(MDL No. 2406)**<br><br>THIS DOCUMENT RELATES TO ALL CASES | **Case No. 2:25-md-10000-AMM**<br><br>Provider Opt-Out Cases<br><br>OPPOSED |

**PROVIDER OPT-OUTS' OPPOSED MOTION TO ACCESS CERTAIN SEALED DOCKET ENTRIES IN CASE NO. 2:13-CV-20000-AMM**

# TABLE OF CONTENTS

Table of Authorities ........................................................................................ iii

Preliminary Statement..........................................................................................1

Argument..............................................................................................................4

I. The Court Has Broad Discretion To Manage Its Docket To Promote Efficient Resolution of Cases Transferred Pursuant to 28 U.S.C. § 1407................................4

II. Permitting Provider Opt-Outs Access To Sealed Documents Filed Under the Original MDL Case Number Will Facilitate Efficient Litigation .............................5

Conclusion ...........................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Chicago Tribune v. Bridgestone/Firestone*,
263 F.3d 1304 (11th Cir. 2001) ....................6

*Dietz v. Bouldin*,
579 U.S. 40 (2016)....................5

*Johnson v. Bd. of Regents of Univ. of Ga.*,
263 F.3d 1234 (11th Cir. 2001) ....................5

*Romero v. Drummond Co.*,
480 F.3d 1234 (11th Cir. 2007) ....................6

*United States v. Amodeo*,
71 F.3d 1044 (2d Cir.1995) ....................6

*Watts v. Club Madonna, Inc.*,
784 F. App'x 684 (11th Cir. 2019)....................5, 7

**Statutes**

28 U.S.C. § 1407 ....................4, 5

**Other Authorities**

Fed. R. Civ. P. 1 ....................4, 5

## Preliminary Statement

Counsel for the Provider Opt-Outs do not have access to the sealed documents and exhibits filed under the Court's former MDL No. 2406 case number—2:13-cv-20000. This is likely an unintended consequence of Judge Proctor directing the creation of a new case number for the MDL for the Provider Opt-Out matters. Provider Opt-Outs' lack of access to the docket defeats the JPML's stated purpose of transfer, which is to "serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." 2:25-md-10000, Doc. 1 at 1.

Provider Opt-Outs' counsel are parties to the operative protective order governing the MDL materials, including those that may be sealed on the earlier docket. 2:25-md-10000, Doc. 59 ("Protective Order"). Defendants have produced to Provider Opt-Outs, or have agreed Provider Opt-Outs can access, thousands of documents produced in the MDL and governed by the Protective Order, but Provider Opt-Outs lack access to such documents and materials filed under seal on the docket. Neither Defendants nor Subscriber Class Counsel object to Provider Opt-Outs' request for access; only Provider Class Counsel opposes.[1] They have no legitimate basis to object.

---

[1] Provider Opt-Outs, at this time, do not seek access to materials submitted *in camera* or to sealed expert materials. The docket entries containing such expert-related materials are listed in Exhibit A.

In light of the administrative closure of 2:13-cv-20000 and the continuation of their cases on 2:25-md-10000, the Provider Opt-Outs now seek access to the complete filings entered on 2:13-cv-20000, including sealed filings, with the exception of *in camera* submissions and sealed expert materials. Provider Opt-Outs respectfully request entry of an order permitting their counsel to have such access.

**Procedural History and Background**

On December 12, 2012, the JPML entered an order transferring the underlying class actions to this Court. JPML 2406, Doc. 128 (Transfer Order). The Court assigned Case No. 2:13-cv-20000 to the MDL No. 2406 matter. On December 17, 2013, the Court entered a Protective Order (2:13-cv-20000, Doc. 550), as amended on February 23, 2016 by the Qualified Protective Order (*id.*, Doc. 550); supplemented on September 1, 2017 by the Supplement to Qualified Protective Order (*id.*, Doc. 1488); and as amended on August 29, 2024 by the Amended Supplement to Qualified Protective Order (*id.*, Doc. 3171) (collectively, the "2:13-cv-20000 Protective Order").[2]

On December 4, 2024, the Court preliminarily approved the Provider Class Settlement. 2:13-cv-20000, Doc. 3225. The Provider Opt-Outs exercised their rights to be excluded from the Provider Class Settlement and filed complaints in

[2] The Amended Supplement to the Qualified Protective Order was entered after the Court granted the plaintiffs' motion to modify the protective order. *See* 2:13-cv-20000, Doc. 3135 (Motion to Modify); *id.*, Doc. 3170 (Order Granting Motion to Modify).

several district courts across the nation. In response to those complaints, Defendants filed Notices of Tag-Along Cases with JPML seeking transfer of Provider Opt-Outs' complaints to this Court. On August 8, 2025, the Panel granted Defendants' petition and ordered Provider Opt-Outs' cases transferred to this Court for coordinated or consolidated pretrial proceedings as part of MDL No. 2406. MDL 2406, Doc. 951 (JPML Transfer Order). On August 13, 2025, the JPML Transfer Order was entered on the 2:13-cv-20000 docket. 2:13-cv-20000, Doc. 3344. In that Order, the Panel concluded that transfer "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." 2:13-cv-20000, Doc. 3344 at 1.

After various Provider Opt-Out cases had been transferred to Case No. 2:13-cv-20000, Judge Proctor entered an order administratively closing Case No. 2:13-cv-20000 on September 8, 2025. 2:13-cv-20000, Doc. 3351. He wrote that Case No. 2:13-cv-20000 had "well served its purpose," and directed the parties to the Provider Opt-Out cases to enter "[a]ll filings related to coordinated or consolidated pretrial proceedings in the Provider Opt-Out Cases… in Case No. 2:25-md-10000," which had been recently opened to administer the Provider Opt-Outs' cases as a continuation of MDL No. 2406. *Id.* at 1-2.

At a September 24, 2025 status conference, Judge Proctor directed the parties to the Provider Opt-Out cases in 2:25-md-10000 to "essentially enter the same

protective order [as the Court entered in 2:13-cv-20000] with the new case number in this [] series of cases." 2:25-md-10000, Doc. 39 at 25:25-26:2. On November 4, 2025, Judge Proctor entered the Protective Order in 2:25-md-10000, which, pursuant to Judge Proctor's direction, is substantively identical to the 2:13-cv-20000 Protective Order. 2:25-md-10000, Doc. 59.[3]

Neither Subscriber Class Counsel nor counsel for Defendants oppose Provider Opt-Outs' request for access. Provider Class Counsel, however, opposes any access to the sealed docket entries by Provider Opt-Outs' counsel.

## Argument

### I. The Court Has Broad Discretion To Manage Its Docket To Promote Efficient Resolution of Cases Transferred Pursuant to 28 U.S.C. § 1407

The Federal Rules of Civil Procedure are intended to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Consistent with Rule 1, District Courts have "broad discretion . . . to manage their dockets," and "ensur[e] that their cases move to a reasonably timely and orderly conclusion," *Watts v. Club Madonna, Inc.*, 784 F. App'x 684, 688 (11th Cir. 2019), "with a view toward the efficient and expedient resolution of cases," *Dietz v.*

[3] According to the Protective Order, "the Proceeding" includes the "actions transferred to *In re Blue Cross Blue Shield Litigation*, MDL No. 2406 (the "MDL") by the Judicial Panel on Multidistrict Litigation on or after April 7, 2023, including actions that may be transferred thereto (or any directly filed in the Northern District of Alabama and coordinated with the MDL) after the entry of this Protective Order." *See* 2:25-md-10000, Doc. 59 at 1.

*Bouldin*, 579 U.S. 40, 47 (2016). This discretion applies broadly to the District Court's management of its own docket, such as its "management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). This discretion "is and must be broad." *Watts*, 784 F. App'x at 688. It is further consistent with the purposes of the consolidation and coordination of pretrial proceedings under 28 U.S.C. § 1407(a), which is intended to "promote the just and efficient conduct of [transferred] actions."

## II. Permitting Provider Opt-Outs Access To Sealed Documents Filed Under the Original MDL Case Number Will Facilitate Efficient Litigation

The Court should permit Provider Opt-Outs' counsel of record to access the filings submitted on 2:13-cv-20000, including sealed filings. The Court closed 2:13-cv-20000 and opened 2:25-md-10000 for administrative convenience following the settlement of the Provider and Subscriber Class actions, and directed the recently transferred Provider Opt-Out cases to proceed on the newly opened 2:25-md-10000. 2:13-cv-20000, Doc. 3351. Both 2:13-cv-20000 and 2:25-md-10000 serve the same purpose of administering the same MDL No. 2406, with 2:25-md-10000 serving as a functional continuation of 2:13-cv-20000. Access to the 2:13-cv-20000 filings is necessary for the efficient and orderly prosecution and defense of these consolidated proceedings to avoid re-litigation of previously resolved disputes; to reduce burdens

on the Court and the parties; and promote the efficient and timely prosecution of the Provider Opt-Outs' litigation.[4]

The requested relief creates no prejudice nor undue burden. Access will be limited exclusively to counsel of record who have entered appearances in this MDL and are bound by the Protective Order. *See* 2:25-md-10000, Doc. 59. This preserves the confidentiality protections already imposed by the Court via the substantively identical protective orders entered in 2:13-cv-20000 and 2:25-md-10000, which are narrowly tailored to protect any legitimate confidentiality interests.

Extending access to Provider Opt-Outs under those existing protections preserves the confidentiality interests that the Order was designed to protect.

[4] Although Provider Opt-Outs only seek narrow administrative relief in this motion, it is likely that much of the sealed information should be accessible to the public pursuant to the well-established public right of access under Eleventh Circuit law. "[T]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chicago Tribune v. Bridgestone/Firestone*, 263 F.3d 1304, 1311 (11th Cir. 2001)). "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Id.* (quoting *Chicago Tribune*, 263 F.3d at 1312). "A motion that is 'presented to the court to invoke its powers or affect its decisions,' whether or not characterized as dispositive, is subject to the public right of access." *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir.1995)). To overcome this public right of access, a party must show that good cause to keep the information confidential. *Id.* Good cause "requires balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Id.* (quoting *Chicago Tribune*, 263 F.3d at 1309). "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* Decisions that are central to the merits of the dispute implicate strong right-to-access considerations. *Id.*

Denying access would unnecessarily impede their ability to litigate these consolidated actions and would require duplicative discovery, motion practice, and judicial review of issues already addressed in the underlying case.

Granting access to 2:13-cv-20000 is the appropriate and efficient next step to promote the "just, speedy, and inexpensive determination" of this proceeding while maintaining the existing confidentiality protections that are in place in 2:13-cv-20000 and 2:25-md-10000. The Court's authority to enter this order is consistent with its broad discretion to facilitate the efficient and timely litigation of its cases. *Watts*, 784 F. App'x at 688.

## Conclusion

Provider Opt-Outs respectfully request that this Court enter an order directing the Clerk of the Court or the appropriate court staff to grant Provider Opt-Outs' counsel of record in Case No. 2:25-md-10000-AMM or in any of the underlying Provider Opt-Out cases access to all sealed docket entries in 2:13-cv-20000-AMM, with the exception of sealed expert submissions, identified in Exhibit A,[5] and materials that were submitted to the Court *in camera*. Provider Opt-Outs further request that the Court direct any party that submitted a sealed or redacted docket entry in 2:13-cv-20000-AMM to make available to Provider Opt-Outs counsel a

[5] Provider Opt-Outs identified the sealed expert submissions set forth in Exhibit A on a good faith basis based on review of the 2:13-cv-10000 docket sheet. In the event that any sealed expert-related materials were inadvertently omitted, Provider Opt-Outs respectfully reserve the right to supplement or amend the list set forth in Exhibit A as needed.

single unsealed, unredacted copy of any such sealed pleading, with the exception of the docket entries identified in Exhibit A.

Date: August 21, 2026

Respectfully submitted,

*/s/ Ryan P. Phair*
Ryan P. Phair
Michael F. Murray
Carter C. Simpson
Christopher C. Brewer
Emma Hutchison
Terence Parker
Hasan Siddiqui
**PAUL HASTINGS LLP**
2050 M Street NW
Washington, DC 20036
ryanphair@paulhastings.com
michaelmurray@paulhastings.com
cartersimpson@paulhastings.com
chrisbrewer@paulhastings.com
emmahutchison@paulhastings.com
terenceparker@paulhastings.com
hasansiddiqui@paulhastings.com
Telephone: (202) 551-1751

Renato Mariotti
Michael Morrill
**Paul Hastings LLP**
71 South Wacker Drive, Suite 4500
Chicago, IL 60606
renatomariotti@paulhastings.com
michaelmorrill@paulhastings.com
Telephone: (312) 499-6000

Stephen J. McIntyre
**PAUL HASTINGS LLP**
515 South Flower Street, Fl. 25
Los Angeles, CA 90071
stephenmcintyre@paulhastings.com
Telephone: (213) 683-6110

*/s/ Jon Corey*
Jon Corey
**MCKOOL SMITH, PC**
1717 K Street NW, Suite 1000
Washington, DC 20006
(202) 370-8300
jcorey@mckoolsmith.com

John Briody
James Smith
**MCKOOL SMITH, PC**
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
(212) 402-9400
jbriody@mckoolsmith.com
jsmith@mckoolsmith.com

Lew LeClair
**MCKOOL SMITH, PC**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
(214) 978-4000
lleclair@mckoolsmith.com

*Attorneys for Plaintiffs Temple University Health System, Inc.; The Trustees of the University of Pennsylvania; The Children's Hospital of Philadelphia; Northwell Health, Inc.; HMH Hospitals Corporation; The Nemours Foundation; Penn State Health; WellSpan Health; Geisinger Health; MedStar Health, Inc.; Tower Health; Doylestown Hospital; Grand View Hospital d/b/a Grand View Health;*

Navi S. Dhillon
Kiaura Clark
**Paul Hastings LLP**
1999 Avenue of the Stars, Fl. 27
Los Angeles, CA 90067
navidhillon@paulhastings.com
kiauraclark@paulhastings.com
Telephone: (310) 620-5700

Barry G. Sher
Avi Weitzman
**PAUL HASTINGS LLP**
200 Park Avenue
New York, NY 10166
barrysher@paulhastings.com
aviweitzman@paulhastings.com
Telephone: (212) 318-6000

*Attorneys for Adventist Health System Sunbelt Healthcare Corporation d/b/a AdventHealth; Adventist Health System/West; Ardent Health Partners, Inc.; Banner Health; Christiana Care Health Services, Inc.; City of Hope; CHS/Community Health Systems; Corewell Health; Duke Affiliations Network, Inc.; Duke Health Integrated Practice, Inc.; Duke University Affiliated Physicians, Inc.; Duke University Health System, Inc.; Duke University; Henry Ford Health System d/b/a Henry Ford Health; Hospital Sisters Health System; Inova Health Care Services; Iowa Health System d/b/a UnityPoint Health; Knight Health Holdings, LLC; Lifepoint Health, Inc.; Mass General Brigham Incorporated; Mercy Hospital, Iowa City, Iowa, and Mercy Service Iowa City, Inc.; Northeast Georgia Health Halifax Hospital Medical Center; Hunterdon Healthcare System, Inc.; Meadville Medical Center; St. Clair Health Corporation; Penn Highlands Healthcare, Inc.; Holy Redeemer Health System; St. Luke's Health Network, Inc. d/b/a St. Luke's University Health Network; Independence Health System; Eastern Maine Healthcare Systems d/b/a Northern Light Health; LHHealth, LLC, Harvard Medical Faculty Physicians at Beth Israel Deaconess Medical Center, Inc.; Radiology Partners, Inc.; and Highlands Oncology Group, P.A.*

*/s/ Cindy Reichline*
Keith Butler
Cindy Reichline
Shira Liu
Fiona Tang
Taylor Keating
Ryan Roth
**BRS LLP**
2121 Avenue of the Stars
Suite 800
Los Angeles, CA 90067
Tel: (310) 295-9524
kbutler@brsllp.com
creichline@brsllp.com
sliu@brsllp.com
ftang@brsllp.com
tkeating@brsllp.com
rroth@brsllp.com

*Attorneys for Plaintiffs Allina Health System; Atlantic Health System; CentraCare Health System; Fairview Health Services; Mayo Clinic; RWJ Barnabas Health, Inc.; University of*

*System; Novant Health, Inc.; Rochester Regional Health; Sound Inpatient Physicians, Inc.; State University of Iowa; Sutter Health; Texas Health Resources; the University of Wisconsin Hospitals and Clinics Authority; Associated Health Services, Inc.*

*/s/ Judith A. Zahid*
Judith A. Zahid
Eric W. Buetzow
Heather T. Rankie
Sarah Van Culin
**Zelle LLP**
555 12th Street, Suite 1230
Oakland, CA 94607
Telephone: (415) 693-0700
Facsimile: (415) 693-0770
jzahid@zellelaw.com
ebuetzow@zellelaw.com
hrankie@zellelaw.com
svanculin@zellelaw.com

*Attorneys for Associated Health Services, Inc.; Duke Affiliations Network, Inc.; Duke Health Integrated Practice, Inc.; Duke University Affiliated Physicians, Inc.; Duke University Health System, Inc.; Duke University*

*/s/ Kathryn A. Reilly*
Kathryn A. Reilly
Michael T. Williams
Judith P. Youngman
Galen D. Bellamy
Joel S. Neckers
Michael R. Krantz
Michael Baker

*Florida Health Corporation; and The University of Chicago Medical Center*

/s/ *Jennifer S. Collins*
Jennifer S. Collins
**WOMBLE BOND DICKINSON (US) LLP**
1331 Spring St. NW, Suite 1400
Atlanta, Georgia 30309
Jennifer.Collins@wbd-us.com
Telephone: (404) 879-2472

Jason C. Hicks
Ian R. Dickinson
**WOMBLE BOND DICKINSON (US) LLP**
201 E. Main Street, Suite P
Charlottesville, VA 22902
Jason.Hicks@wbd-us.com
Ian.Dickinson@wbd-us.com
Telephone: (202) 857-4536

Christos Christodoulou
**WOMBLE BOND DICKINSON (US) LLP**
2001 K Street NW
Washington, DC 20006
Christos.Christodoulou@wbd-us.com
Telephone: (202) 857-4563

Richard J.R. Raleigh, Jr.

370 17th Street, Suite 4500
Denver, CO 80202
**WHEELER TRIGG O'DONNELL LLP**
370 17th Street, Suite 4500
Denver, CO 80202
reilly@wtotrial.com
mwilliams@wtotrial.com
youngman@wtotrial.com
bellamy@wtotrial.com
neckers@wtotrial.com
krantz@wtotrial.com
mbaker@wtotrial.com
Telephone: (303) 244-1918

*Attorneys for Plaintiffs Corewell Health, Iowa Health System d/b/a UnityPoint, and Hospital Sisters Health System*

BRENNA BIRD
Attorney General of Iowa

*/s/ Eric H. Wessan*
Eric H. Wessan
Solicitor General
1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 823-9117
eric.wessan@ag.iowa.gov

*Counsel for State University of Iowa*

/s/ *Sean S. Zabaneh*
Sean S. Zabaneh
Sean P. McConnell
Sarah O'Laughlin Kulik
Jessica Priselac
**DUANE MORRIS LLP**

**WOMBLE BOND DICKINSON (US) LLP**
200 Davis Cir SW
Suite 200
Huntsville, Alabama 35801
Richard.Raleigh@wbd-us.com
Telephone: (256) 834-8651

Attorneys for Plaintiffs Phoebe Putney Memorial Hospital, Inc., Phoebe Sumter Medical Center, Inc., Phoebe Worth Medical Center, Inc., and Phoebe Physician Group, Inc.

*/s/ Michael E. Martínez*
Michael E. Martínez (Ill. Bar No. 6275452)
Lauren Norris Donahue (Ill. Bar No. 6294505)
Victoria S. Pereira Duarte (Ill. Bar No. 6336540)
**K&L GATES LLP**
70 W. Madison St., Suite 3300
Chicago, IL 60602
Telephone: (312) 372-1121
Michael.Martinez@klgates.com
Lauren.Donahue@klgates.com
Victoria.Duarte@klgates.com

Michael J. Stortz (Cal. Bar No. 139386)
**K&L GATES LLP**
4 Embarcadero Ctr, Suite 1200
San Francisco, California 94111
Telephone: (415) 882-8200
Michael.Stortz@klgates.com

Richard W. Fields (D.C. Bar No. 418444)
Martin Cunniff (D.C. Bar No. 424219
Edward Han (D.C. Bar No. 394515)

30 South 17th Street
Philadelphia, Pennsylvania 19103
(215) 979-1000
sszabaneh@duanemorris.com
spmcconnell@duanemorris.com
sckulik@duanemorris.com
jpriselac@duanemorris.com

Rebecca Bazan
**DUANE MORRIS LLP**
901 New York Avenue N.W., Ste 700 East
Washington, D.C. 20001
(202) 766-7800
rebazan@duanemorris.com

Wilson F. Green
**Wilson F. Green LLC**
301 19th Street North, Ste. 525
Birmingham, AL 35203
(205) 722-1018
wilson@wilsongreenlaw.com

*Attorneys for Plaintiffs Temple University Health System, Inc.; The Trustees of the University of Pennsylvania; The Children's Hospital of Philadelphia; Northwell Health, Inc.; HMH Hospitals Corporation; The Nemours Foundation; Penn State Health; WellSpan Health; Geisinger Health; MedStar Health, Inc.; Tower Health; Doylestown Hospital; Grand View Hospital d/b/a Grand View Health; Halifax Hospital Medical Center; Hunterdon Healthcare System, Inc.; Meadville Medical Center; St. Clair Health Corporation; Penn Highlands Healthcare, Inc.;*

**FIELDS HAN & CUNNIFF PLLC**
1701 Pennsylvania Avenue NW, Suite 200
Washington, D.C.
Telephone: (833) 382-9816
fields@fhcfirm.com
martincunniff@fhc.com
edhan@fhcfirm.com

*Counsel for Bon Secours Mercy Health, Inc., University Health Systems of Eastern Carolina, Inc., Endeavor Health, INTEGRIS Health, Inc., Main Line Health, Inc., Medical University Hospital Authority, Mercy Health, Norton Healthcare, Inc., Providence St. Joseph Health, Roper St. Francis Healthcare, Sanford, Thomas Jefferson University, The Regents of the University of Michigan on behalf of University of Michigan Health, University of North Carolina Health Care System, University of Rochester, and West Virginia United Health System, Inc.*

*/s/ William Lavery*

William Lavery
Joseph Ostoyich
Danielle Morello
Jordan Passmore
Dorothea R. Allocca
Sung Shin
**CLIFFORD CHANCE US LLP**
2001 K Street NW
Washington, DC 20006
Tel: (202) 912-5000
william.lavery@cliffordchance.com
joseph.ostoyich@cliffordchance.com
danielle.morello@cliffordchance.com

*Holy Redeemer Health System; St. Luke's Health Network, Inc. d/b/a St. Luke's University Health Network; Independence Health System; Eastern Maine Healthcare Systems d/b/a Northern Light Health; LHHealth, LLC, Harvard Medical Faculty Physicians at Beth Israel Deaconess Medical Center, Inc.; Radiology Partners, Inc.; and Highlands Oncology Group, P.A.*

jordan.passmore@cliffordchance.com
dodi.allocca@cliffordchance.com
sung.shin@cliffordchance.com

Sanaz Payandeh
**CLIFFORD CHANCE US LLP**
Two Manhattan West
375 9th Avenue
New York, New York 10001
Tel: (212) 878-8000
sanaz.payandeh@cliffordchance.com

*Attorneys for Plaintiffs Mount Nittany Health System and Weill Cornell Medicine*

*<u>/s/ Robert M. Cooper</u>*
Robert M. Cooper
Hershel Wancjer
**KING & SPALDING LLP**
1700 Pennsylvania Avenue
NW Suite 900
Washington, DC 20006
rcooper@kslaw.com
hwancjer@kslaw.com
Telephone: (202) 737-0500

Damien Marshall
Ross E. Elfand
Marisa Manzi
Annika Burton
Alexandra Valas
**KING & SPALDING LLP**
1185 Avenue of the Americas
34th Floor New York, NY 10036
dmarshall@kslaw.com
relfand@kslaw.com
mmanzi@kslaw.com
aburton@kslaw.com
lvalas@kslaw.com
Telephone: (212) 556-2100

*<u>/s/ Steven Sklaver</u>*
Steven Sklaver
Glenn C. Bridgman
Molly A. Karlin
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ssklaver@susmangodfrey.com
gbridgman@susmangodfrey.com
mkarlin@susmangodfrey.com

Stephen E. Morrissey
Tanner Laiche
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
smorrissey@susmangodfrey.com
tlaiche@susmangodfrey.com

Vineet Bhatia

*Attorneys for Plaintiffs NorthBay Healthcare Corporation; ApolloMD Business Services, LLC; Beebe Medical Center, Inc. d/b/a Beebe Healthcare; Covenant Health, Inc.; Kaweah Delta Health Care District; Memorial Health Services d/b/a MemorialCare Health System; Mount Sinai Medical Center of Florida, Inc.; ; North Broward Hospital District d/b/a Broward Health; Ochsner Clinic Foundation; Ochsner LSU Health System of North Louisiana; Hospital Service District No. 1 of St. Charles Parish; St. Tammany Parish Hospital Service District No. 2; Salinas Valley Memorial Healthcare System d/b/a Salinas Valley Health; Steward Health Care System LLC; Tallahassee Memorial HealthCare, Inc.; Lubbock County Hospital District; CEP America, LLC d/b/a Vituity*

/s/ *Steven Sklaver*
Steven Sklaver
Glenn C. Bridgman
Molly A. Karlin
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ssklaver@susmangodfrey.com
gbridgman@susmangodfrey.com
mkarlin@susmangodfrey.com

Tanner Laiche
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101

**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
vbhatia@susmangodfrey.com

Brannon J. Buck
Christopher B. Driver
**Badham & Buck, LLC**
2001 Park Place North, Ste. 500
Birmingham, Alabama 35203
Phone: (205) 521-0036
Facsimile: (205) 521-0037
bbuck@badhambuck.com
cdriver@badhambuck.com

*Attorneys for Plaintiff Springhill Hospitals, Inc*

Telephone: (206) 516-3880
Facsimile: (206) 516-3883
tlaiche@susmangodfrey.com

Cyril V. Smith
csmith@zuckerman.com
**ZUCKERMAN SPAEDER LLP**
100 E Pratt Street, Suite 2440
Baltimore, MD 21202
Telephone: (410) 332-0444
Facsimile: (410) 659-0436

Christopher R. MacColl
cmaccall@zuckerman.com
**ZUCKERMAN SPAEDER LLP**
2100 L Street NW, Suite 400
Washington, D.C. 20037
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

*Attorneys for Plaintiffs Memorial Hospital for Cancer and Allied Diseases, Memorial Sloan-Kettering Cancer Center, and South Shore Hospital, Inc.*

*/s/ Daniel L. Warshaw*
DANIEL L. WARSHAW
dwarshaw@pwfirm.com
BOBBY POUYA
bpouya@pwfirm.com
MICHAEL H. PEARSON
mpearson@pwfirm.com
**PEARSON WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

*Attorneys for Plaintiffs IES Central Texas PLLC; IES HSP Indiana LLC; IAS Arizona PLLC; IAS Oklahoma LLC; IES Alabama PLLC; IES Arizona PLLC; IES Colorado PLLC; IES Carrollton PLLC; IES Florida PLLC; Integrative Emergency Services Physician Group -Houston, PLLC; IES HSP Oklahoma LLC; IES Hospitalists PLLC; IES Oklahoma LLC; IES South Carolina LLC; Integrative Health Arizona LLC; Integrative Care Services Florida LLC; IES OBS Colorado PLLC; Integrative Emergency Services Physician Group, P.A.; IES Arkansas PLLC; IES Hsp Arkansas PLLC; IES Missouri LLC; IES Hsp Missouri LLC; Integrative Health Texas PLLC, AmeriTeam Services, LLC; Southeastern Emergency Physicians LLC; Texas Medicine Resources, LLP; Emergency Coverage, LLC; Florida Emergency Physicians Kang & Associates, M.D., LLC; Longhorn Emergency Medicine Associates, P.A.; Mid-Ohio Emergency Services LLC; ACS Primary Care Physicians – Southeast, P.C.; Fremont Emergency Services (Scherr), Ltd.; Texas Physician Resources, LLP; InPhyNet South Broward, LLC; Paragon Contracting Services, LLC; Paragon Emergency Services LLC; ACS Primary Care Physicians Southwest, P.A.; Southeastern Emergency Physicians of Memphis, LLC; Emergency Services of Oklahoma, P.C., CommonSpirit Health; Dignity Health; Dignity Community Care;*

*Virginia Mason Franciscan Health; Catholic Health Initiatives Colorado; St. Luke's Health System Corporation d/b/a CHI St. Luke's Health; CHI Nebraska d/b/a CHI Health; and KentuckyOne Health, Inc.*

*/s/ Harvey J. Wolkoff*
Harvey J. Wolkoff
Aliki Sofis
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
111 Huntington Avenue, Suite 520
Boston, MA 02199-3600
Tel.: (617) 712-7100
harveywolkoff@quinnemanuel.com
alikisofis@quinnemanuel.com

Adam B. Wolfson
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 S. Figueroa St., 10th Fl.
Los Angeles, CA 90017
Tel.: (213) 443-3000
adamwolfson@quinnemanuel.com

David LeRay
Samuel I. Waranch
Vinay S. Basti
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
295 Fifth Ave., 9th Fl.
New York, NY 10016
Tel.: (212) 849 7100
davidleray@quinnemanuel.com
samuelwaranch@quinnemanuel.com
vinaybasti@quinnemanuel.com
*Attorneys for Plaintiffs Boston Children's Hospital et al.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of August, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all Counsel of record.

*/s/ Jon Corey*
Jon Corey