FILED
2026 Aug-31 PM 10:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL No. 2406)** | **Master Case No.: 2:25-md-10000-AMM**<br><br>**This document relates to the Provider Opt-Out cases.** |

# JOINT REPORT ON COMMON DISCOVERY AND THE PARTIES' UPDATED SCHEDULING PROPOSALS

Pursuant to the Court's August 14, 2026 Order (Dkt. 156), the parties submit this Joint Report, and respectfully request that the Court schedule a hearing on the case schedule and structure and allow 10-page submissions due 5 days prior thereto.

**I. Agreements Reached**

***Common Issues:*** The parties agree the following issues are common under 28 U.S.C. § 1407: (i) applicability of *Love* releases to Plaintiffs' claims;[1] (ii) the history and origins of the Blue System and the Blue marks; (iii) the applicable standard of review; and (iv) whether the Blues constitute a single entity for any purpose relevant to this litigation. As set forth below, the parties disagree whether other issues proposed by Defendants are common and appropriate for full discovery in this MDL.

***Case Schedule:*** The parties agree the case should proceed in phases. In Phase 1: (i) Defendants complete reproductions of documents/structured data from prior cases; (ii) the parties exchanged initial disclosures; (iii) Plaintiffs complete fact sheets and responses to certain discovery requests by October 15, 2026; and (iv) Defendants file *Love* briefs by November 16, 2026 (to be fully briefed by February 15, 2027). In Phase 2, the parties shall complete document discovery on all issues in the MDL. The parties' positions on the remaining phases differ, as set out below and in Exhibits A and B.

[1] The parties' agreement on this issue is limited to the discovery parameters and briefing schedule already agreed between them.

## II. Common Issues

### *a. Plaintiffs' Position*

If properly structured, this MDL can be completed efficiently and remanded in a reasonable time. Section 1407 authorizes consolidation of cases presenting "one or more common questions of fact" if they can be conducted efficiently, but requires that such actions be remanded "at or before the conclusion" of pretrial proceedings. In the Eleventh Circuit, remand is appropriate "when the discrete function performed by the transferee court has been completed and when everything that remains to be done is case-specific." *In re Chiquita Brands Int'l. Inc. Alien Tort Statute & S'holders Derivative Litig.*, 2019 WL 11499332, at *3 (S.D. Fla. Nov. 5, 2019). Judge Proctor's Order to Show Cause regarding remand accordingly stated that anything beyond what he had already ruled on would "be tailored to unique issues" and "any individualized discovery in those cases will be just that—dictated by the unique issues in each of those cases." Prior Dkt. 3075 at 6.

The focus on "common issues" in MDLs is determined by the unique purpose served thereby, the reasons why the Panel transferred the actions, and the realities of the consolidated proceeding. To that end, the JPML transferred these opt out actions to the pending MDL because they "will require common discovery ***of the***

***defendants' alleged conspiracy***."[2] Dkt. 1 at 2. (emphasis added). *See also In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 291, 310 (N.D. Cal. 2010) ("[P]roof of an alleged conspiracy will focus on defendants' conduct and not on the conduct of individual class members"). Moreover, unlike other antitrust MDLs, no Plaintiff waived its remand rights under *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 28 (1998), and this case does not involve a single geographic market, but rather multiple, highly localized markets requiring individualized attention. *See In re Tasigna Pros. Liab. Litig.*, 2023 WL 12167883, at *1 (M.D. Fla. Dec. 13, 2023) ("As an MDL transferee judge, in the absence of a *Lexecon* waiver, the Court's purview is targeted to pretrial rulings common to all cases."). Indeed, Judge Proctor recognized that "the economic markets" involve discovery necessarily "tailored to unique issues." Prior Dkt. 3075 at 6.

The additional issues mischaracterized by Defendants as "common" should be rejected. They are turning the standard for "common issues" on its head, claiming that ***every*** issue is common simply because it will eventually need to be addressed in each case, even if individual proof will vary by Plaintiff. Defendants have failed to identify any issue in these cases that would ***not*** be "common," or provide any

---

[2] In creating this MDL, the JPML stated: "You are assuming that [J]udge Proctor has to have the case all the way through the discovery phase. He doesn't. He can say let's do the issue on the common license agreement and send you home. You are assuming he has to take the case to the end. And he doesn't have to do that." JPML Case No. 2406, Dkt. 157 at 16-17.

timeline or structure for how the Court would even determine the MDL is ever finished. This approach contravenes § 1407.

Defendants' position on "common issues" also contradicts their repeated and forceful arguments in the MDL that the very same issues they now call "common"—including, for example, antitrust injury, market definition, competitive conditions, and competitive effects—are inherently individualized and require provider-by-provider analysis. *See, e.g.*, Prior Dkt. 377 at 15; 2605 at 20, 42, 67; 2490 at 103.

***b. Defendants' Position***

Under Section 1407, "common issues" are common questions that need to be answered across all cases, even if there are individual answers to those questions. *See Uber Techs., Inc. v. U.S. Jud. Panel on Multidistrict Litig.*, 131 F.4th 661, 668-70 (9th Cir. 2025) (Section 1407 does not "equate common questions with common answers").[3] Plaintiffs misunderstand the mandate of Section 1407, which says only that when cases "involving one or more common questions of fact are pending in different districts," the cases may be transferred to an MDL. 28 U.S.C. § 1407(a). The JPML already determined those common questions exist here. In any event, common questions addressed in MDL proceedings include discovery into "relevant, generalized factual issues," even where those generalized issues require

[3] Defendants do not understand Plaintiffs' argument that "no Plaintiff waived its remand rights" under *Lexecon.* (*See supra* at 4.) Defendants' proposal does not require any waiver of *Lexecon* rights.

individualized responses by each Plaintiff. *In re Zicam Cold Remedy Mktg.*, 2010 WL 2927305, at *1 (D. Ariz. July 23, 2010); *see also In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351 (J.P.M.L. 2012).[4] Moreover, Plaintiffs acknowledge that their cases involve many different, highly individualized geographic markets, but they ignore that there is significant overlap in these geographic markets across different complaints. If the common factual questions about each geographic market are not dealt with on a coordinated basis in the MDL, there is a high risk of conflicting decisions and waste of party and judicial resources.

In transferring these 22 cases to this MDL, the JPML held that the transfer was necessary to address "common discovery" because "[a]ll plaintiffs allege," among other things, that Defendants' "conduct caused them economic injury." (Dkt. 1 at 2.)[5] As such, the common issues here include not only Defendants' conduct, but also the specific bases for the economic injury each Plaintiff allegedly incurred. In addition to the agreed-upon common issues listed above, discovery into the

[4] Although Section 1407 sets out "common questions" as a prerequisite to transfer, following transfer the MDL court is broadly empowered to allow "discovery with respect to any non-common issues to proceed concurrently with discovery on common issues" and "ensure[] that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties." *In re Zimmer Durom Hip Cup Prods. Liab. Litig.*, 717 F. Supp. 2d 1376, 1378 (J.P.M.L. 2010).

[5] Plaintiffs' references to Judge Proctor's show cause order support Defendants' arguments. (*See supra* at 3.) There, Judge Proctor's comments about further individualized discovery came after wide-ranging document and written discovery into Provider Class Plaintiffs had already been completed (including depositions of Provider Class Plaintiffs).

following common questions must be conducted in this MDL for all cases:

1. Do Plaintiffs have standing to pursue their claims?
2. How do statute of limitations issues bear on Plaintiffs' damages claims?
3. Have Plaintiffs adequately alleged antitrust injury?
4. What are the relevant product and geographic markets, and is the relevant market two-sided?
5. What are the competitive conditions in the relevant markets (including each side's bargaining power, competitors, competitive position, etc.)?
6. What are the effects (procompetitive or anticompetitive) of the challenged restraints in the relevant market?
7. What trademark rights do Plaintiffs have, and how do Plaintiffs use those trademark rights?
8. Were Plaintiffs under reimbursed for their services?

Discovery into these common questions should be conducted in this MDL for the sake of efficiency and to ensure that, upon remand, the cases sent back do not result in years of additional discovery (as would be necessary under Plaintiffs' proposal) or inconsistent rulings across various jurisdictions.

## III. The Parties' Updated Discovery Plans and Case Schedules

### *a. Plaintiffs' Position*

Plaintiffs' proposed schedule will address the agreed common issues (plus other issues) and coordinate discovery in only three phases (which overlap) that will ensure all cases are ready for remand by the Spring of 2029:

**Phase 1: Preliminary Agreed Matters (present – 2/15/2027):** The parties agree on this phase. It is ongoing and will be complete by February 15, 2027.

**<u>Phase 2: Coordinated and Complete Document Discovery (9/15/2026 – 9/8/2027):</u>** The parties mostly agree on this phase. All parties will simultaneously conduct document discovery, subject to the Federal Rules, on all issues—common and individual—such that document productions are complete before remand. But Defendants propose to close all document/written discovery by January 31, 2028, while Plaintiffs propose substantial completion of document productions by September 8, 2027, and address other written discovery in Phase Three.

**<u>Phase 3: Additional Common Issues Discovery, Experts, and Motions (6/1/2027 – Spring 2029):</u>** The parties do not agree on this phase. Plaintiffs propose that it will involve depositions, other written discovery, experts, and summary judgment motions only on the agreed common issues.[6] This phase will overlap with Phase Two as it contemplates rolling document productions and parallel deposition scheduling to be followed by experts and *Daubert*/dispositive motions on common issues with remand by around the Spring of 2029.

Plaintiffs' proposed schedule will accomplish the mission of this Court pursuant to § 1407. Defendants' proposal does the opposite. According to Defendants, and contrary to § 1407, literally everything in every case must be litigated in this MDL. Defendants' proposal has fact depositions ending in 2030,

[6] Plaintiffs contemplate that the parties may agree to conduct additional discovery on individual issues to promote efficiency and mediation, including reasonable deposition limits. For example, Plaintiffs proposed that Defendants could take extended-time Rule 30(b)(6) depositions.

but their case schedule at Exhibit B is notably silent on next steps, including experts and dispositive motions. It also presents no target date or process for the Court to set a date for remand. Defendants would have the parties confer again sometime in 2030 to determine next steps that will likely consume more years before remand.

And despite all of the work and time Defendants anticipate spending in the MDL, the footnote to their proposed Phase Two shows that their promise to this Court that document discovery will be complete at the end is illusory: Defendants actually intend to leave the door wide open for unrestricted and undefined additional document discovery *only of Plaintiffs* after remand. There are other fatally undeveloped aspects of Defendants' proposal, such as the criteria for the seemingly endless stream of confusing and unnecessary pods and sub-pods that will serve only as bottlenecks. Their proposal fails to provide the Court with clear guideposts for what it must resolve to trigger remand. This lack of clarity is a recipe for delay.

Another problem with Defendants' proposal is its focus on sweeping discovery of Plaintiffs. MDL judges have cautioned that MDL courts "cannot and should not attempt to oversee plaintiff-specific discovery." Judge David G. Campbell & Jeffrey A. Kilmark, *Advice to A New MDL Judge on Discovery Management*, 89 UMKC L. Rev. 889 (2021). *Uber* does not help Defendants. There, corporate policies presented a common factual question supporting consolidation despite the fact that "the significance of the underlying facts to any

given case will vary substantially." 131 F.4th 661, 669–670 (9th Cir. 2025). While noting that common questions need not lead to common answers *about the disposition of the case*, *Uber* offers no support for collecting disparate, case-specific information from each plaintiff in the MDL. *Id.* at 670.

Plaintiffs have made substantial concessions in the spirit of compromise, including agreeing to document discovery on all issues, highly individualized fact sheets, early *Love* motions, and other early discovery responses on individualized matters. But the Court should draw the line there and place reasonable constraints on the scope of discovery consistent with § 1407. Plaintiffs' proposal does so.

***b. Defendants' Position***

Defendants continue to believe that the most sensible approach to these cases is to adopt the bellwether proposal Defendants set forth in the parties' original Rule 26(f) report. (*See* Dkt. 129 at 45-70.) That proposal, which aligns with how other MDL courts address extremely complex sets of litigation, will afford both sides the discovery they need without overwhelming the Court and the parties. In the event the Court declines to adopt Defendants' bellwether proposal, Defendants propose an alternative structure and schedule (*see* Exhibit B), under which all fact discovery would be complete within four years. This proposal will enable the parties to take the discovery necessary to send cases back to their remand courts nearly trial ready,

ensuring remand courts are not burdened with additional years of discovery and that these cases are not unnecessarily prolonged.

**Phase 1 (Initial Disclosures, Fact Sheets, Responses to Certain Discovery Requests, Prior Discovery, Settlement Release Motions)**: As set forth above, the parties have already agreed to Phase 1 of Defendants' alternative proposal.

**Phase 2 (All Document and Written Discovery)**: The parties have also agreed to the broad contours of Phase 2, document discovery of all parties[7], but Defendants propose that the parties complete interrogatories as part of Phase 2.

**Phase 3 (Phased Depositions by Pod)**: Following Phase 2, the parties would phase fact depositions. The Blues expect there will be hundreds of depositions, which should be conducted in an orderly fashion. To accomplish this, Defendants propose organizing Plaintiffs into "pods" and assigning each "pod" a "deposition wave." The Fact Sheets will inform the precise groupings of the pods, but Defendants' initial view is that the Plaintiffs can be grouped together as follows (with potential sub-groups to make each deposition phase more manageable): (i) single state generalist hospitals/health systems; (ii) regional health systems; (iii) national health systems (with the potential for certain very large health systems

[7] Plaintiffs' proposal contemplates substantial completion of document discovery by September 8, 2027, despite the parties not exchanging Responses and Objections to RFPs until November 2026. It is unrealistic to imagine that document discovery on all issues in these cases (including negotiating exactly what will be produced) can take place in ten months.

to comprise their own "pod"); (iv) specialty hospitals/health systems; and (v) professional organizations and professionals. Each wave would last approximately 2-5 months, varying based on the number of entities involved. Defendants' depositions would go in Wave 1, along with the first "pod" of Plaintiffs and would be coordinated so that each defense witness would be deposed only once.

**Phases 4 (Expert Discovery) & 5 (Dispositive Motions)**[8]: In Phase 4, the parties would conduct and complete expert discovery. Dispositive motions will be dispersed throughout the schedule, including that Defendants will move on *Love* released claims in November 2026, and the parties will meet and confer on the timing for Standard of Review briefing once the parties receive a ruling in ASO. There may be other releases that come into play once the Blues receive the Fact Sheets and/or discovery progresses, which should be briefed as early as possible, so that the parties do not waste resources or time litigating released claims. The parties can also meet and confer at the end of each phase or deposition wave to discuss whether any dispositive motions are ripe for briefing, based on discovery taken to date.

[8] Plaintiffs claim that Defendants' proposal is silent on "experts and dispositive motions." (*See supra* at 9.) Defendants have addressed both of these issues in their proposal, and anticipate being able to provide more information about the timeline for these phases after receiving Plaintiffs' Fact Sheets and dividing Plaintiffs into pods.

Dated: August 31, 2026

Respectfully submitted,

/s/ Karin A. DeMasi

Karin A. DeMasi
Lauren R. Kennedy
David H. Korn
Lillian S. Grossbard
Rebecca J. Schindel
Hannah L. Dwyer
CRAVATH, SWAINE & MOORE LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Tel: (212) 474-1000
Fax: (212) 474-3700
kdemasi@cravath.com
lkennedy@cravath.com
dkorn@cravath.com
lgrossbard@cravath.com
rschindel@cravath.com
hdwyer@cravath.com

*Lead Counsel for the Blue Cross Blue Shield System; Counsel for Defendants Blue Cross Blue Shield Association; Blue Cross and Blue Shield of Alabama; Blue Cross and Blue Shield of Arizona, Inc.; GuideWell Mutual Holding Corporation; Blue Cross and Blue Shield of Florida, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross and Blue Shield of North Carolina; BlueCross BlueShield of South Carolina; BlueCross BlueShield of Tennessee, Inc.; Blue Cross*

*Blue Shield of Wyoming; California Physicians' Service d/b/a Blue Shield of California; Capital Blue Cross; CareFirst, Inc.; CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; CareFirst BlueChoice, Inc.; Hawaii Medical Service Association (Blue Cross and Blue Shield of Hawaii); Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.; Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa); Triple-S Management Corporation; Triple-S Salud, Inc.*

E. Desmond Hogan
Justin Bernick
Elizabeth Jose
W. David Maxwell
HOGAN LOVELLS CADWALADER US LLP
Columbia Square
555 13th Street, N.W.

Kimberly R. West (Liaison Counsel)
Mark M. Hogewood
WALLACE, JORDAN, RATLIFF & BRANDT, LLC
First Commercial Bank Building
800 Shades Creek Parkway, Suite 400
Birmingham, AL 35209

Washington, DC 20004
Tel: (202) 637-5600
Fax: (202) 637-5910
desmond.hogan@hlc.com
justin.bernick@hlc.com
elizabeth.jose@hlc.com
david.maxwell@hlc.com

*Counsel for Elevance Health f/k/a Anthem, Inc., and all of its named subsidiaries in this action; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); BCBSM, INC. (Blue Cross and Blue Shield of Minnesota); Horizon Healthcare Services, Inc. (Horizon Blue Cross and Blue Shield of New Jersey); Blue Cross & Blue Shield of Rhode Island; Cambia Health Solutions, Inc.; Regence BlueShield of Idaho, Inc.; Regence BlueCross BlueShield of Utah; Regence BlueShield; Regence BlueCross BlueShield of Oregon*

John D. Martin
Lucile H. Cohen
Travis A. Bustamante
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Tel: (803) 255-9421
Fax: (803) 256-7500
john.martin@nelsonmullins.com
lucie.cohen@nelsonmullins.com
travis.bustamante@nelsonmullins.com

Tel: (205) 870-0555
Fax: (205) 871-7534
kwest@wallacejordan.com
mhogewood@wallacejordan.com

*Counsel for Defendants Blue Cross Blue Shield Association; Blue Cross and Blue Shield of Arizona, Inc.; BlueCross BlueShield of South Carolina; Blue Cross and Blue Shield of Wyoming; Capital Blue Cross; CareFirst, Inc.; CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.; Highmark Health; Highmark Inc., f/k/a Highmark Health Services; Highmark West Virginia Inc.; Highmark BCBSD Inc.; California Physicians' Service d/b/a Blue Shield of California; Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark*

*Counsel for Elevance Health f/k/a Anthem, Inc., and all of its named subsidiaries in this action; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); BCBSM, INC. (Blue Cross and Blue Shield of Minnesota); BlueCross BlueShield of South Carolina; Horizon Healthcare Services, Inc. (Horizon Blue Cross and Blue Shield of New Jersey); Blue Cross & Blue Shield of Rhode Island; Cambia Health Solutions, Inc.; Regence BlueShield of Idaho, Inc.; Regence BlueCross BlueShield of Utah; Regence BlueShield; Regence BlueCross BlueShield of Oregon; Blue Cross & Blue Shield of Mississippi, A Mutual Insurance Company; Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa); Hawaii Medical Service Association (Blue Cross and Blue Shield of Hawaii); Triple-S Salud, Inc; Defendants Blue Cross and Blue Shield of Florida, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; BlueCross BlueShield of Tennessee, Inc.*

Cavender C. Kimble
BALCH & BINGHAM LLP
1901 6th Avenue North, Suite 1500
Birmingham, AL 35203-4642

*Blue Cross and Blue Shield of Iowa); Hawaii Medical Service Association (Blue Cross and Blue Shield of Hawaii)*

Carl S. Burkhalter
MAYNARD NEXSEN PC
1901 6th Avenue North, Suite 2400
Regions Harbert Plaza
Birmingham, AL 35203
Tel: (205) 254-1000
Fax: (205) 254-1999
cburkhalter@maynardnexsen.com

Pamela B. Slate
HILL CARTER FRANCO COLE & BLACK, P.C.
425 South Perry Street
Montgomery, AL 36104
Tel: (334) 834-7600
Fax: (334) 386-4381
pslate@hillhillcarter.com

*With Cravath, Swaine & Moore LLP, counsel for Defendant Blue Cross Blue Shield of Alabama*

Jeffrey J. Zeiger, P.C.
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Tel: (312) 862-2000
Fax: (312) 862-2200
jzeiger@kirkland.com

Tel: (205) 226-3437
Fax: (205) 488-5860
ckimble@balch.com

*Counsel for Elevance Health, f/k/a Anthem, Inc., and all of its named subsidiaries in this action; Blue Cross and Blue Shield of North Carolina; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); BCBSM, INC. (Blue Cross and Blue Shield of Minnesota); Horizon Healthcare Services, Inc. (Horizon Blue Cross and Blue Shield of New Jersey); Blue Cross & Blue Shield of Rhode Island; Cambia Health Solutions, Inc.; Regence BlueShield of Idaho, Inc.; Regence BlueCross BlueShield of Utah; Regence BlueShield; Regence BlueCross BlueShield of Oregon*

Gwendolyn Payton
KILPATRICK TOWNSEND & STOCKTON
LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Tel: (206) 626-7714
Fax: (206) 299-0414
gpayton@kilpatricktownsend.com

*Counsel for Defendant Premera Blue Cross, d/b/a Premera Blue Cross Blue Shield of Alaska*

Brian K. Norman

*Counsel for Defendants Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.; Highmark Health; Highmark Inc., f/k/a Highmark Health Services; Highmark West Virginia Inc.; Highmark BCBSD Inc.; Highmark Western and Northeastern New York Inc.; Blue Cross and Blue Shield of Kansas City*

Jonathan M. Redgrave
REDGRAVE, LLP
4800 Westfields Blvd, Suite 250
Chantilly, VA 20151
Tel: (703) 592-1155
Fax: (612) 332-8915
jredgrave@redgravellp.com

*Additional Counsel for HCSC and Highmark Defendants and California Physicians' Service d/b/a Blue Shield of California*

Todd M. Stenerson
Brian C. Hauser

SHAMOUN & NORMAN, LLP
1800 Valley View Lane, Suite 200
Farmers Branch, TX 75234
Tel: (214) 987-1745
Fax: (214) 521-9033
bkn@snlegal.com

H. James Koch
ARMBRECHT JACKSON LLP
RSA Tower, 27th Floor
11 North Water Street
Mobile, AL 36602
Tel: (251) 405-1300
Fax: (251) 432-6843
hjk@ajlaw.com

*Counsel for Defendants CareFirst, Inc.; CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; CareFirst BlueChoice, Inc.*

M. Patrick McDowell
Norman E. "Benje" Bailey, Jr.
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
190 East Capitol Street
The Pinnacle Building, Suite 100
Jackson, MS 39201
Tel: (601) 948-3101
Fax: (601) 960-6902
pmcdowell@brunini.com
bbailey@brunini.com

Cheri D. Green
BLUE CROSS & BLUE SHIELD OF

ALLEN OVERY SHEARMAN STERLING US LLP
1101 New York Avenue N.W.
Washington, DC 20005
Tel: (202) 683-3800
Fax: (202) 683-3999
todd.stenerson@aoshearman.com
brian.hauser@aoshearman.com

Rachel Mossman Zieminski
ALLEN OVERY SHEARMAN STERLING US LLP
2601 Olive Street, Suite 1700
Dallas, TX 75201
Tel: (214) 271-5777
Fax: (214) 271-5778
rachel.zieminski@aoshearman.com

*Counsel for Defendants Blue Cross and Blue Shield of Michigan Mutual Insurance Company; Blue Cross and Blue Shield of Vermont; Independence Health Group, Inc.; Independence Blue Cross, LLC; Independence Hospital Indemnity Plan, Inc. (f/k/a Independence Blue Cross); QCC Insurance Company; and Independence Assurance Company*

Sarah L. Cylkowski
Alexandra Markel
BODMAN PLC
1901 Saint Antoine Street
6th Floor at Ford Field

MISSISSIPPI, A MUTUAL INSURANCE COMPANY
P.O. Box 1043
Jackson, MS 39215
Tel: (601) 932-3704
cdgreen@bcbsms.com

*Counsel for Defendant Blue Cross & Blue Shield of Mississippi, A Mutual Insurance Company*

Alan D. Rutenberg
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 600
Washington, DC 20007
Tel: (202) 672-5491
Fax: (202) 672-5399
arutenberg@foley.com

Kimberly A. Klinsport
FOLEY & LARDNER LLP
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2418
Tel: (213) 972-4741
Fax: (213) 486-0065
kklinsport@foley.com

*Counsel for Defendant USAble Mutual Insurance Company, d/b/a Arkansas Blue Cross and Blue Shield and as BlueAdvantage Administrators of Arkansas*

Robert R. Riley, Jr.
RILEY & JACKSON, P.C.
3530 Independence Drive
Birmingham, AL 35209

Detroit, MI 48226
Tel: (313) 259-7777
Fax: (734) 930-2494
scylkowski@bodmanlaw.com
amarkel@bodmanlaw.com

Andy P. Campbell
A. Todd Campbell
Yawanna N. McDonald
CAMPBELL PARTNERS LLC
505 North 20th Street, Suite 1600
Birmingham, AL 35203
Tel: (205) 224-0750
Fax: (205) 224-8622
andy@campbellpartnerslaw.com
todd@campbellpartnerslaw.com
yawanna@campbellpartnerslaw.com

*Counsel for Defendants Blue Cross and Blue Shield of Michigan Mutual Insurance Company; Blue Cross and Blue Shield of Vermont*

Stephen A. Rowe
Aaron G. McLeod
ADAMS AND REESE LLP
1901 Sixth Avenue North, Suite 3000
Birmingham, AL 35203
Tel: (205) 250-5080
Fax: (205) 250-5034
steve.rowe@arlaw.com
aaron.mcleod@arlaw.com

*Counsel for Defendants*

Tel: (205) 879-5000
Fax: (205) 879-5901
rob@rileyjacksonlaw.com

*Counsel for Defendants Blue Cross and Blue Shield of Florida, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; BlueCross BlueShield of Tennessee, Inc.*

*Independence Health Group, Inc.; Independence Blue Cross, LLC; Independence Hospital Indemnity Plan, Inc. (f/k/a Independence Blue Cross); QCC Insurance Company; and Independence Assurance Company*

Sarah M. Gilbert
Honor R. Costello
Robert A. Mantel
CROWELL & MORING LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Tel: (212) 223-4000
Fax: (212) 223-4134
sgilbert@crowell.com
hcostello@crowell.com
rmantel@crowell.com

John M. Johnson
Brian P. Kappel
LIGHTFOOT FRANKLIN &
WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
Tel: (205) 581-0700
Fax: (205) 581-0799
jjohnson@lightfootlaw.com
bkappel@lightfootlaw.com

*Counsel for Defendants Blue Cross and Blue Shield of Nebraska; Blue*

*Cross of Idaho Health Service, Inc.; Blue Cross and Blue Shield of Kansas, Inc.; Blue Cross Blue Shield of North Dakota (f/k/a Noridian Mutual Insurance Company); Excellus Health Plan Inc. d/b/a Excellus BlueCross BlueShield; GoodLife Partners, Inc.; HealthyDakota Mutual Holdings; Gemstone Holdings, Inc.; and Lifetime Healthcare, Inc.*

Dated: August 31, 2026

/s/ Ryan P. Phair
Ryan P. Phair
Michael F. Murray
Carter C. Simpson
Christopher C. Brewer
Emma Hutchison
Terence Parker
**PAUL HASTINGS LLP**
2050 M Street NW
Washington, DC 20036
ryanphair@paulhastings.com
michaelmurray@paulhastings.com
cartersimpson@paulhastings.com
chrisbrewer@paulhastings.com
emmahutchison@paulhastings.com
terenceparker@paulhastings.com
hasansiddiqui@paulhastings.com
Telephone: (202) 551-1751

Stephen J. McIntyre
Hasan Siddiqui
**PAUL HASTINGS LLP**
515 South Flower Street, Fl. 25
Los Angeles, CA 90071
stephenmcintyre@paulhastings.com
hasansiddiqui@paulhastings.com
Telephone: (213) 683-6110
*Attorneys for Adventist Health System Sunbelt Healthcare Corporation d/b/a AdventHealth; Adventist Health System/West; Ardent Health Partners, Inc.; Banner Health; Christiana Care Health Services, Inc.; City of Hope; CHS/Community Health Systems; Corewell Health; Duke Affiliations Network, Inc.; Duke Health Integrated Practice, Inc.; Duke University*

Respectfully submitted,

/s/ Jon Corey
Jon Corey
**MCKOOL SMITH, PC**
1717 K Street NW, Suite 1000
(202) 370-8300
jcorey@mckoolsmith.com

John Briody
James Smith
**MCKOOL SMITH, PC**
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
(212) 402-9400
jbriody@mckoolsmith.com
jsmith@mckoolsmith.com

Lew LeClair
**MCKOOL SMITH, PC**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
(214) 978-4000
lleclair@mckoolsmith.com

*Attorneys for Plaintiffs Temple University Health System, Inc.; The Trustees of the University of Pennsylvania; The Children's Hospital of Philadelphia; Northwell Health, Inc.; HMH Hospitals Corporation; The Nemours Foundation; Penn State Health; WellSpan Health; Geisinger Health; MedStar Health, Inc.; Tower Health; Doylestown Hospital; Grand View Hospital d/b/a Grand View Health; Halifax Hospital Medical Center; Hunterdon Healthcare System,*

*Affiliated Physicians, Inc.; Duke University Health System, Inc.; Duke University; Henry Ford Health System d/b/a Henry Ford Health; Hospital Sisters Health System; Inova Health Care Services; Iowa Health System d/b/a UnityPoint Health; Knight Health Holdings, LLC; Lifepoint Health, Inc.; Mass General Brigham Incorporated; Mercy Hospital, Iowa City, Iowa, and Mercy Service Iowa City, Inc.; Northeast Georgia Health System; Novant Health, Inc.; Rochester Regional Health; Sound Inpatient Physicians, Inc.; State University of Iowa; Sutter Health; Texas Health Resources; the University of Wisconsin Hospitals and Clinics Authority; Associated Health Services, Inc.*

/s/ R. Bruce Barze, Jr.
R. Bruce Barze, Jr. (asb-8163-R71R)
**Barze Taylor Noles Lowther LLC**
Lakeshore Park Plaza
2204 Lakeshore Drive, Ste. 425
Birmingham, Alabama 35209
(205) 872-1015
bbarze@btnllaw.com

*Attorney for Adventist Health System Sunbelt Healthcare Corporation d/b/a AdventHealth; Adventist Health System/West; Ardent Health Partners, Inc.; Banner Health; Christiana Care Health Services, Inc.; City of Hope; CHS/Community Health Systems; Corewell Health; Henry Ford Health System d/b/a Henry Ford Health; Hospital Sisters Health System; Inova Inc.; Meadville Medical Center; St. Clair Health Corporation; Penn Highlands Healthcare, Inc.; Holy Redeemer Health System; St. Luke's Health Network, Inc. d/b/a St. Luke's University Health Network; Independence Health System; Eastern Maine Healthcare Systems d/b/a Northern Light Health; LHHealth, LLC, Harvard Medical Faculty Physicians at Beth Israel Deaconess Medical Center, Inc.; Radiology Partners, Inc.; and Highlands Oncology Group, P.A.*

/s/ Michael E. Martínez
Michael E. Martínez (Ill. Bar No. 6275452)
Lauren Norris Donahue (Ill. Bar No. 6294505)
Victoria S. Pereira Duarte (Ill. Bar No. 6336540)
**K&L GATES LLP**
70 W. Madison St., Suite 3300
Chicago, IL 60602
Telephone: (312) 372-1121
Michael.Martinez@klgates.com
Lauren.Donahue@klgates.com
Victoria.Duarte@klgates.com

Michael J. Stortz (Cal. Bar No. 139386)
**K&L GATES LLP**
4 Embarcadero Ctr, Suite 1200
San Francisco, California 94111
Telephone: (415) 882-8200
Michael.Stortz@klgates.com

Richard W. Fields (D.C. Bar No. 418444)
Martin Cunniff (D.C. Bar No. 424219)

*Health Care Services; Iowa Health System d/b/a UnityPoint Health; Knight Health Holdings, LLC; Lifepoint Health, Inc.; Mass General Brigham Incorporated; Northeast Georgia Health System; Novant Health, Inc.; Rochester Regional Health; Sound Inpatient Physicians, Inc.; State University of Iowa; Texas Health Resources; and the University of Wisconsin Hospitals and Clinics Authority*

*/s/ Judith A. Zahid*
Judith A. Zahid
Eric W. Buetzow
Heather T. Rankie
Sarah Van Culin
**Zelle LLP**
555 12th Street, Suite 1230
Oakland, CA 94607
Telephone: (415) 693-0700
Facsimile: (415) 693-0770
jzahid@zellelaw.com
ebuetzow@zellelaw.com
hrankie@zellelaw.com
svanculin@zellelaw.com

*Attorneys for Associated Health Services, Inc.; Duke Affiliations Network, Inc.; Duke Health Integrated Practice, Inc.; Duke University Affiliated Physicians, Inc.; Duke University Health System, Inc.; Duke University*

*/s/ Kathryn A. Reilly*
Kathryn A. Reilly
Michael T. Williams
Judith P. Youngman

Edward Han (D.C. Bar No. 394515)
**FIELDS HAN & CUNNIFF PLLC**
1701 Pennsylvania Avenue NW, Suite 200
Washington, D.C.
Telephone: (833) 382-9816
fields@fhcfirm.com
martincunniff@fhc.com
edhan@fhcfirm.com

*Counsel for Bon Secours Mercy Health, Inc., University Health Systems of Eastern Carolina, Inc., Endeavor Health, INTEGRIS Health, Inc., Main Line Health, Inc., Medical University Hospital Authority, Mercy Health, Norton Healthcare, Inc., Providence St. Joseph Health, Roper St. Francis Healthcare, Sanford, Thomas Jefferson University, The Regents of the University of Michigan on behalf of University of Michigan Health, University of North Carolina Health Care System, University of Rochester, and West Virginia United Health System, Inc.*

*/s/ Cindy Reichline*
Keith Butler
Cindy Reichline
Shira Liu
Fiona Tang
Taylor Keating
Ryan Roth
**BRS LLP**
2121 Avenue of the Stars
Suite 800
Los Angeles, CA 90067
Tel: (310) 295-9524
kbutler@brsllp.com

Galen D. Bellamy
Joel S. Neckers
Michael R. Krantz
Michael Baker
370 17th Street, Suite 4500
Denver, CO 80202
**WHEELER TRIGG O'DONNELL LLP**
370 17th Street, Suite 4500
Denver, CO 80202
Email: reilly@wtotrial.com
Telephone: (303) 244-1918
reilly@wtotrial.com
youngman@wtotrial.com
bellamy@wtotrial.com
neckers@wtotrial.com
krantz@wtotrial.com
mbaker@wtotrial.com

*Attorneys for Plaintiffs Corewell Health, Iowa Health System d/b/a UnityPoint, and Hospital Sisters Health System*

BRENNA BIRD
Attorney General of Iowa

/s/ *Eric H. Wessan*
Eric H. Wessan
Solicitor General
1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 823-9117
eric.wessan@ag.iowa.gov

*Counsel for State University of Iowa*

/s/ *Sean S. Zabaneh*
Sean S. Zabaneh
Sean P. McConnell

creichline@brsllp.com
sliu@brsllp.com
ftang@brsllp.com
tkeating@brsllp.com
rroth@brsllp.com

*Attorneys for Plaintiffs Allina Health System; Atlantic Health System; CentraCare Health System; Fairview Health Services; Mayo Clinic; RWJ Barnabas Health, Inc.; University of Florida Health Corporation; and The University of Chicago Medical Center*

/s/ *Lee Van Voorhis*
Lee Van Voorhis
Christos Christodoulou
**WOMBLE BOND DICKINSON (US) LLP**
2001 K Street NW
Washington, DC 20006
Lee.VanVoorhis@wbd-us.com
Christos.Christodoulou@wbd-us.com
Telephone: (202) 857-4563

Jason C. Hicks
Ian R. Dickinson
**WOMBLE BOND DICKINSON (US) LLP**
201 E. Main Street, Suite P
Charlottesville, VA 22902
Jason.Hicks@wbd-us.com
Ian.Dickinson@wbd-us.com
Telephone: (202) 857-4536

Richard J.R. Raleigh, Jr.

Sarah O'Laughlin Kulik
Jessica Priselac
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, Pennsylvania 19103
(215) 979-1000
sszabaneh@duanemorris.com
spmcconnell@duanemorris.com
sckulik@duanemorris.com
jpriselac@duanemorris.com

Rebecca Bazan
Katherine Celeste Speegle
**DUANE MORRIS LLP**
901 New York Avenue N.W., Ste 700 East
Washington, D.C. 20001
(202) 766-7800
rebazan@duanemorris.com

Wilson F. Green
**Wilson F. Green LLC**
301 19th Street North, Ste. 525
Birmingham, AL 35203
(205) 722-1018
wilson@wilsongreenlaw.com

*Attorneys for Plaintiffs Temple University Health System, Inc.; The Trustees of the University of Pennsylvania; The Children's Hospital of Philadelphia; Northwell Health, Inc.; HMH Hospitals Corporation; The Nemours Foundation; Penn State Health; WellSpan Health; Geisinger Health; MedStar Health, Inc.; Tower Health; Doylestown Hospital; Grand View Hospital d/b/a Grand View Health; Halifax Hospital Medical*

**WOMBLE BOND DICKINSON (US) LLP**
200 Davis Cir SW
Suite 200
Huntsville, Alabama 35801
Richard.Raleigh@wbd-us.com
Telephone: (256) 834-8651

*Attorneys for Plaintiffs Phoebe Putney Memorial Hospital, Inc., Phoebe Sumter Medical Center, Inc., Phoebe Worth Medical Center, Inc., and Phoebe Physician Group, Inc.*

*/s/ William Lavery*
William Lavery
Joseph Ostoyich
Danielle Morello
Jordan Passmore
Dorothea R. Allocca
Sung Shin
**CLIFFORD CHANCE US LLP**
2001 K Street NW
Washington, DC 20006
Tel: (202) 912-5000
william.lavery@cliffordchance.com
joseph.ostoyich@cliffordchance.com
danielle.morello@cliffordchance.com
jordan.passmore@cliffordchance.com
dodi.allocca@cliffordchance.com
sung.shin@cliffordchance.com

Sanaz Payandeh
**CLIFFORD CHANCE US LLP**
Two Manhattan West
375 9th Avenue
New York, New York 10001
Tel: (212) 878-8000
sanaz.payandeh@cliffordchance.com

*Center; Hunterdon Healthcare System, Inc.; Meadville Medical Center; St. Clair Health Corporation; Penn Highlands Healthcare, Inc.; Holy Redeemer Health System; St. Luke's Health Network, Inc. d/b/a St. Luke's University Health Network; Independence Health System; Eastern Maine Healthcare Systems d/b/a Northern Light Health; LHHealth, LLC, Harvard Medical Faculty Physicians at Beth Israel Deaconess Medical Center, Inc.; Radiology Partners, Inc.; and Highlands Oncology Group, P.A.*

*Attorneys for Plaintiffs Mount Nittany Health System and Weill Cornell Medicine*

*/s/ Ross E. Elfand*
Robert M. Cooper
Hershel Wancjer
**KING & SPALDING LLP**
1700 Pennsylvania Avenue
NW Suite 900
Washington, DC 20006
rcooper@kslaw.com
hwancjer@kslaw.com
Telephone: (202) 737-0500

Damien Marshall
Ross E. Elfand
Marisa Manzi
Annika Burton
Alexandra Valas
Annie H. Somerville (admission to S.D.N.Y. pending)
**KING & SPALDING LLP**
1290 Avenue of the Americas
14th Floor New York, NY 10104
dmarshall@kslaw.com

relfand@kslaw.com
mmanzi@kslaw.com
aburton@kslaw.com
lvalas@kslaw.com
Telephone: (212) 556-2100

*Attorneys for Plaintiffs NorthBay Healthcare Corporation; ApolloMD Business Services, LLC; Beebe Medical Center, Inc. d/b/a Beebe Healthcare; Covenant Health, Inc.; Kaweah Delta Health Care District; Memorial Health Services d/b/a MemorialCare Health System; Mount Sinai Medical Center of Florida, Inc.; North Broward Hospital District d/b/a Broward Health; Ochsner Clinic Foundation; Ochsner LSU Health System of North Louisiana; Hospital Service District No. 1 of St. Charles Parish; St. Tammany Parish Hospital Service District No. 2; Salinas Valley Memorial Healthcare System d/b/a Salinas Valley Health; Steward Health Care System LLC; Tallahassee Memorial HealthCare, Inc.; Lubbock County Hospital District; CEP America, LLC d/b/a Vituity*

/s/ *Steven Sklaver*

Steven Sklaver
Glenn C. Bridgman
Molly A. Karlin
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ssklaver@susmangodfrey.com
gbridgman@susmangodfrey.com

mkarlin@susmangodfrey.com

Tanner Laiche
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
tlaiche@susmangodfrey.com

Cyril V. Smith
csmith@zuckerman.com
**ZUCKERMAN SPAEDER LLP**
100 E Pratt Street, Suite 2440
Baltimore, MD 21202
Telephone: (410) 332-0444
Facsimile: (410) 659-0436

Christopher R. MacColl
cmaccall@zuckerman.com
**ZUCKERMAN SPAEDER LLP**
2100 L Street NW, Suite 400
Washington, D.C. 20037
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

*Attorneys for Plaintiffs Memorial Hospital for Cancer and Allied Diseases, Memorial Sloan-Kettering Cancer Center, and South Shore Hospital, Inc.*

*/s/ Daniel L. Warshaw*
DANIEL L. WARSHAW
dwarshaw@pwfirm.com
BOBBY POUYA
bpouya@pwfirm.com
MICHAEL H. PEARSON
mpearson@pwfirm.com
**PEARSON WARSHAW, LLP**

15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

*Attorneys for Plaintiffs IES Central Texas PLLC; IES HSP Indiana LLC; IAS Arizona PLLC; IAS Oklahoma LLC; IES Alabama PLLC; IES Arizona PLLC; IES Colorado PLLC; IES Carrollton PLLC; IES Florida PLLC; Integrative Emergency Services Physician Group -Houston, PLLC; IES HSP Oklahoma LLC; IES Hospitalists PLLC; IES Oklahoma LLC; IES South Carolina LLC; Integrative Health Arizona LLC; Integrative Care Services Florida LLC; IES OBS Colorado PLLC; Integrative Emergency Services Physician Group, P.A.; IES Arkansas PLLC; IES Hsp Arkansas PLLC; IES Missouri LLC; IES Hsp Missouri LLC; Integrative Health Texas PLLC, AmeriTeam Services, LLC; Southeastern Emergency Physicians LLC; Texas Medicine Resources, LLP; Emergency Coverage, LLC; Florida Emergency Physicians Kang & Associates, M.D., LLC; Longhorn Emergency Medicine Associates, P.A.; Mid-Ohio Emergency Services LLC; ACS Primary Care Physicians – Southeast, P.C.; Fremont Emergency Services (Scherr), Ltd.; Texas Physician Resources, LLP; InPhyNet South Broward, LLC; Paragon Contracting Services, LLC; Paragon Emergency Services LLC; ACS Primary Care Physicians Southwest,*

*P.A.; Southeastern Emergency Physicians of Memphis, LLC; Emergency Services of Oklahoma, P.C., CommonSpirit Health; Dignity Health; Dignity Community Care; Virginia Mason Franciscan Health; Catholic Health Initiatives Colorado; St. Luke's Health System Corporation d/b/a CHI St. Luke's Health; CHI Nebraska d/b/a CHI Health; and KentuckyOne Health, Inc.*

*/s/ Harvey J. Wolkoff*
Harvey J. Wolkoff
Aliki Sofis
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
111 Huntington Avenue, Suite 520
Boston, MA 02199-3600
Tel.: (617) 712-7100
harveywolkoff@quinnemanuel.com
alikisofis@quinnemanuel.com

Adam B. Wolfson
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 S. Figueroa St., 10th Fl.
Los Angeles, CA 90017
Tel.: (213) 443-3000
adamwolfson@quinnemanuel.com

David LeRay
Samuel I. Waranch
Vinay S. Basti
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
295 Fifth Ave., 9th Fl.
New York, NY 10016
Tel.: (212) 849 7100

davidleray@quinnemanuel.com
samuelwaranch@quinnemanuel.com
vinaybasti@quinnemanuel.com
*Attorneys for Plaintiffs Boston Children's Hospital et al.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 31, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: August 31, 2026

*/s/ Karin A. DeMasi*
Karin A. DeMasi