FILED
2026 Sep-14 PM 02:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE:<br>BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION<br>(MDL NO. 2406)** | **Master File No. 2:13-CV-20000-AMM<br><br>This Document Relates to Provider Opt-Out Cases** |
| **IN RE:<br>BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION<br>(MDL NO. 2406)** | **Master File No. 2:25-MD-10000-AMM** |

**ORDER REGARDING PROVIDER SETTLEMENT BELATED OPT-OUTS**

The MDL 2406 Provider Settlement required Provider Class members who wished to be excluded from the settlement to mail a request for exclusion postmarked no later than March 4, 2025. Doc. 3225 at 51. The Settlement Notice Administrator received 71 requests to be excluded from the class settlement that were either (i) postmarked after the March 4 deadline or (ii) received after the March 4 deadline and for which there was no legible postmark (collectively, the “Belated Opt-Outs”). Doc. 3338 at 1.

On July 22, 2025, Provider Class Plaintiffs moved for an order to show cause regarding the Belated Opt-Outs. Doc. 3338. Provider Class Plaintiffs also filed a facially valid opt-out list. Doc. 3336-5 (the “Opt-Out List”). On August 7, 2025,

Provider Class Plaintiffs filed an updated facially valid Opt-Out List. Doc. 3343-1. Both lists omitted the Belated Opt-Outs. Docs. 3336-5, 3343-1.

On August 19, 2025, the court issued a show cause order regarding the Belated Opt-Outs ordering them to demonstrate why their requests for exclusion from the class "should not be rejected as untimely." Doc. 3349. Some entities responded to the order to show cause; others did not. Doc. 3363. The Special Master has provided the court his *in camera* recommendation regarding how the Belated Opt-Outs' exclusion requests should be resolved. The court **ADOPTS** the Special Master's recommendation regarding the treatment of the Belated Opt-Outs' exclusion requests. It is **ORDERED** as follows:

**A. Proof of Timely Opt-Out Request**

The following entities have submitted proof that their opt-out request was timely. Accordingly, the following entities **SHALL** be included on the Opt-Out List:

1. Lewis & Clark Emergency Physicians, PC, Doc. 3363-1;
2. RUSH Hospital System,[1] Doc. 3363-7;
3. Patients Emergency Room and Hospital, Doc. 3363-10; and
4. Group of California Rehabilitation Centers,[2] Doc. 3363-5.

[1] RUSH Hospital System includes the following entities: Copley Memorial Hospital Inc.; Rush Copley Medical Center; Rush Copley Medical Group NFP; Rush Health; Rush Health ACO Inc.; Rush Oak Park ER Physicians Group; Rush Oak Park Hospital, Inc.; Rush Oak Park Nocturnist; Rush Oak Park Physicians Group Adult Medicine; Rush Oak Park Physicians Group Anchor; Rush Oak Park Physician Group Center for Diabetes and Endocrine; Rush Oak Park Physician Group Elmwood Park; Rush Oak Park Physician Group Family Medicine; Rush Oak Park Physician Group Lake Street; Rush Oak Park Physician Group North Riverside; Rush Surgicenter at the Professional Building LTD Partnership; Rush System for Health d/b/a Rush University System for Health; Rush University Medical Center; Rush University Medical Group; Rush-Copley Orthopedics LLC; Rush-Copley Surgicenter LLC.

[2] California Rehabilitation Centers includes six rehabilitation centers. Although all six were included in the Court's Order to Show Cause, only one (Southern California Addiction Center Inc.) was actually omitted from the Opt-Out List. The Special Master recommends adding this entity to the Opt-Out List, along with the other California Rehabilitation Centers that already appear on the list.

**B. No Response to Order to Show Cause**

The following entities did not respond to the court's order to show cause. Accordingly the following entities **SHALL NOT** be included on the Opt-Out List:

1. Bonita Creek Emergency Services, PLLC;
2. ECEP II, PA;
3. Christian J. DenOuden;
4. IEMS Physician Services, PLLC;
5. Illinois Emergency Medicine Specialists, LLC;
6. Professional Emergency Care, PC;
7. Progressive Emergency Physicians PA, PLLC;
8. Progressive Emergency Physicians, PLLC;
9. Vital Emergency Partners, PA;
10. Vital Hospital Partners, PA;
11. Elite Kingwood Hospital;
12. Balaji Nithianandam;
13. Magnolia Connection, PC;
14. South Shore Anesthesia Staffing LLC;
15. Emergency Medicine Professionals, PA; and
16. Tonya J. McFadden.

**C. No Attempt to Meet Excusable Neglect Standard**

The following entities conceded they missed the court-ordered opt-out deadline, and yet did not attempt to show excusable neglect. Accordingly the following entities **SHALL NOT** be included on the Opt-Out List:

1. Keystone Healthcare Partners Group,[3] Doc. 3363-8;
2. Jackie Jiang, PsyD, Doc. 3363-4;
3. Laura Essen, LCSW, Doc. 3363-2;
4. Emergency Care Partners (ECP),[4] Doc. 3363-9; and

[3] Keystone Healthcare Partners Group includes the following professional organizations: Keystone Medical Services of Bradford, PC; Hospitalist Services of Bradford, PC; Medical Services of Buffalo, PC; Hospitalist Services of Meridian, PA; Keystone Medical Services of Niagara Falls, PC; Keystone Hospitalist Services of NY, PC; Keystone Medical Services of New York, PC; Hospitalist Services of Olean, PC.

[4] ECP includes the following entities: Ascension Emergency Physicians, LLC; Calcasieu Cameron Emergency

5. Robert Austgen, (Doc. 3363-3).

**D. Argued for Excusable Neglect**

The following entity conceded it opted out late, but submitted a legal brief supported by a declaration arguing that it met the standard for excusable neglect:

1. Highlands Oncology Group, PA ("Highlands"), Doc. 3363-6.

Highlands is a current plaintiff in one of the Provider Opt-Out cases in the MDL. *See Harvard Medical Faculty Physicians v. Blue Cross Blue Shield Association*, Case No. 25-cv-01595, Doc. 1. Thus, the Special Master recommended that the settlement proponents be allowed the opportunity to respond to Highlands's submission, Doc. 3363-6, and address whether the excusable neglect has been established in this instance. The settlement proponents may also address any other issue relevant to whether Highlands should be included on the Opt-Out List. Accordingly, the court **RESERVES RULING** on Highlands's opt-out status.

Interested parties **SHALL** brief the issue of whether Highlands should be included on the Opt-Out List as follows:

Any response to Highlands's submission **SHALL** be filed **on or before October 2, 2026**.

---

Physician Group, LLC; Calcasieu Cameron Hospital Medicine Group, LLC; C&M Medical Services, Inc.; Concordia Emergency Physicians Group, LLC; East Baton Rouge Emergency Physicians Group, LLC; W4P, LLC; Integrated Emergency Medicine Specialists, LLC; Oklahoma Emergency Partners, LLC; Professional Emergency Medicine Management – Lake Charles, LLC; Professional Emergency Physician Associates, LLC; St. Tammany Emergency Physicians Group, LLC; Thibodaux Emergency Physicians Group, LLC; Washington Parish Emergency Physicians Group, LLC.

Any reply by Highlands **SHALL** be filed **on or before October 16, 2026**.

**DONE** and **ORDERED** this 14th day of September, 2026.

**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE