FILED
2026 Oct-30 PM 01:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE:<br>BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL NO. 2406)** | **Master File No. 2:13-CV-20000-AMM**<br><br>**This Document Relates to Provider Opt-Out Cases** |
| **IN RE:<br>BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL NO. 2406)** | **Master File No. 2:25-MD-10000-AMM** |

# ORDER REGARDING HIGHLANDS ONCOLOGY GROUP, P.A.'S BELATED OPT-OUT REQUEST

The MDL 2406 Provider Settlement required Provider Class members who wished to be excluded from the settlement to mail a request for exclusion postmarked no later than March 4, 2025. Doc. 3225 at 51.[1] The Settlement Notice Administrator received an exclusion request from Highlands Oncology Group, P.A. postmarked on March 7, 2025. Docs. 3338-1 at 2, 3490-2 at 7–8. The question before the court is whether Highlands's belated exclusion request should be accepted as valid. The issue has been fully briefed. Docs. 3363-6, 3490; Case No. 2:25-md-10000-AMM, Doc. 191.

[1] The court cites documents in the 2:13-cv-20000-AMM case unless otherwise specified.

Highlands has presented evidence that it was not aware of the Provider Settlement until March 6, 2025, and it then promptly "prepared and mailed its Opt Out Notice, which was postmarked March 7, 2025." Doc. 3363-6 at 11–12; Case No 2:25-md-10000-AMM, Doc. 191-1. Highlands also presented evidence regarding changes to its email address that may be the reason it did not receive notice of the Settlement. Doc. 3363-6 at 12. The Provider Settlement Notice Administrator received Highlands's belated opt out request on April 1, 2025. Doc. 3490-2 at 7–8.

On April 23, 2025, Provider Class Counsel filed their motion for final approval of the Provider Settlement. Doc. 3311. At that time, the Settlement Notice Administrator had received 15,589 opt-out notices, presumably including the belated one from Highlands. *See* Doc. 3313-2 at 10. On April 24, 2025, Provider Co-Lead Counsel filed a declaration in support of the motion for final approval of the Provider Settlement testifying that they were "working with [the Settlement Notice Administrator] to notify the senders of deficient opt-out notices of the deficiency and offer them a chance to cure the deficiency if possible." Doc. 3313-2 at 2, 11.

On July 11, 2025, Defendants filed a brief supporting final approval of the Provider Settlement. Doc. 3334.

To have its belated exclusion request recognized as valid, Highlands must meet the "excusable neglect" standard. *Grilli v. Metro. Life Ins. Co.*, 78 F.3d 1533, 1538 (11th Cir. 1996). The relevant excusable neglect factors are (1) the danger of

prejudice, (2) the length of delay and its potential impact on the proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith. *Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201 (11th Cir. 1999) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

**1. Danger of Prejudice to Defendants**

The Settlement Notice Administrator was aware of Highlands's belated exclusion request as of April 1, 2025, *i.e.*, in advance of Provider Class Counsel's motion for final approval of the Provider Settlement. *See* Docs. 3311, 3490-2 at 7–8. On April 24, 2025, Provider Class Counsel filed a declaration reporting that they were working with the Settlement Notice Administrator to offer senders of deficient exclusion requests the opportunity to cure the deficiency. Doc. 3313-2 at 2, 11. This notice was filed before Defendants filed their brief supporting final approval of the Provider Settlement. *See* Doc. 3334. When Defendants filed their brief, they did not condition their support of the settlement on a determination that any of the deficient exclusion requests would be rejected. *See id.* From this sequence of events, the court infers that any prejudice to the Defendants was and is not significant or dangerous.

**2. Length of Delay and Potential Effect on Proceedings**

The length of the delay was minimal. The belated exclusion request was postmarked three days after the deadline to opt out, and one day after Highlands became aware of the Provider Settlement. Docs. 3363-6 at 11–12. That the settling

parties proceeded to seek approval of the settlement despite an ongoing process of resolving a number of deficient exclusion requests indicates that the effect on the proceedings was also minimal.

**3. Reason for the Delay**

Highlands has presented evidence that the exclusion request was late because Highlands was not aware of the Provider Settlement until March 6, 2025, and it mailed its request for exclusion the very next day. *Id.* Highlands has also presented evidence regarding why it might not have received notice of the Settlement. *Id*. at 12. There is no evidence that the delay was intentional or otherwise nefarious.

**4. Good Faith**

Highlands has presented evidence that it acted in good faith in submitting its belated exclusion request. *See id.* at 11–13. Defendants' only argument against a finding of good faith appears to be based on a mistake of fact. Defendants argued that "Highlands has an ongoing relationship with its counsel here, who have represented it in other cases involving antitrust claims, yet, Highlands is silent as to when its outside counsel received notice." Doc. 3490 at 21. In response, Highlands submitted testimony that it "had not been represented by Duane Morris or McKool Smith in previous matters" and that its "first contact with either Duane Morris or McKool Smith regarding the above-captioned matter was on March 6, 2025." Case No 2:25-md-10000-AMM, Doc. 191-1.

Because all the *Pioneer* excusable neglect factors support a finding of excusable neglect, the court finds that Highlands has established that its failure to comply with the out-out deadline was the result of excusable neglect. Accordingly, Highlands Oncology Group , P.A. **SHALL** be included on the Opt-Out List.

The court will address the separate issue of whether Highlands Oncology Group, P.A.'s claims in the MDL are barred by the *Love* releases under the parties' agreed schedule for resolving that issue. *See* Case No 2:25-md-10000-AMM, Docs. 169 at 2; 169-1 at 2; 169-2 at 2–3.

**DONE** and **ORDERED** this 30th day of October, 2026.

**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE